825 F.2d 1400
 Sabah Yohanna TOMA, Petitioner-Appellee,
v.
James B. TURNAGE, Jr., District Director of the San Diego
Division of the Immigration and Naturalization
Service; Immigration & Naturalization
Service, Respondents-Appellants.
 No. 86-6151.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 3, 1987.
Decided Aug. 25, 1987.
 
 Lyn I. Goldberg, San Diego, Cal., for petitioner-appellee.
 Charles E. Hamilton, III, San Diego, Cal., for respondents-appellants.
 Appeal from the United States District Court for the Southern District of California.
 Before WALLACE, TANG and ALARCON, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 The Immigration & Naturalization Service (INS) appeals the district court's order granting Toma's petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. Because the district court did not have jurisdiction to entertain Toma's petition, we remand to the district court to vacate the order granting the writ and to dismiss the petition.
 
 
 2
 * Toma is a native and citizen of Iraq. He entered the United States in February of 1977 with a proper transit visa, but remained beyond its expiration. In May of 1977, the INS held a deportation hearing at which it gave Toma 90 days to depart voluntarily. Prior to the expiration of the 90-day period, however, Toma married a United States citizen who filed a petition to classify him as the spouse of a United States citizen and to adjust his status to that of a permanent resident alien. In December, the INS denied the preference petition for lack of prosecution, and thereafter ordered Toma to report for deportation. Toma did not report. For the next five years, the INS lost track of his whereabouts for reasons which the parties dispute. The INS claims that Toma had absconded. Toma claims that he never received the deportation notices because the INS sent them to an outdated address despite Toma's attorney having notified the INS of the correct one, and that Toma was working, made no effort to conceal his identity, and was listed in the San Diego, California telephone directory for the entire period. During this time, Toma's first marriage was annulled pursuant to his wife's petition.
 
 
 3
 In June of 1983, Toma married a second American citizen and a new preference petition and application for permanent residence was filed. In July, he moved to stay his deportation and to reopen his original deportation case to apply for asylum, withholding of deportation, and adjustment of status. At the hearing on this motion, the immigration judge concluded that Toma had not established a prima facie case demonstrating eligibility for asylum or withholding of deportation. Furthermore, the immigration judge erroneously believed that Toma had entered the United States without a transit visa, and thus concluded that Toma was statutorily ineligible for adjustment of status. See 8 U.S.C. Sec. 1255(c). The immigration judge, therefore, denied the motion to reopen without taking evidence relating to grounds for exercising discretion favorably on Toma's application for adjustment of status. Toma promptly appealed to the Board of Immigration Appeals (BIA), pointing out, among other things, that he was in possession of a valid transit visa at the time he entered the United States and thus was statutorily eligible for adjustment of status. The BIA dismissed Toma's appeal. Toma then filed a petition for review with this court. On July 23, 1985, we denied this petition in an unpublished disposition. Toma then petitioned our court for rehearing and suggested rehearing en banc; the petition was denied and the suggestion was rejected.
 
 
 4
 On March 18, 1986, Toma filed a petition for a writ of habeas corpus in federal district court, accusing the INS of withholding the existence of his transit visa at his original hearing and claiming that he was thereby denied due process because, had the immigration judge known that Toma was statutorily eligible for adjustment of status, he would have allowed Toma to present evidence showing that discretion should be exercised favorably. On May 5, 1986, the district court issued an order granting the writ, remanding the case to the immigration judge for a hearing to determine whether he would exercise his discretion favorably on Toma's petition, and staying deportation until after the immigration judge's action. The INS timely appealed.
 
 II
 
 5
 The INS argues that the district court had no jurisdiction to entertain Toma's petition for a writ of habeas corpus. The existence of subject matter jurisdiction is a question of law we review de novo. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986).
 
 
 6
 The INS argues that 8 U.S.C. Sec. 1105a(c) precludes the district court from exercising jurisdiction over Toma's habeas petition challenging the denial of his motion to reopen. Section 1105a(c) provides, in part, that
 
 
 7
 [e]very petition for ... habeas corpus shall state whether the validity of the order [of deportation] has been upheld in any prior judicial proceeding.... No petition for ... habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.
 
 
 8
 A motion to reopen a deportation hearing is not, strictly speaking, an order of deportation. Toma never appealed his order of deportation itself. However, an appeal from the denial of a motion to reopen a deportation hearing constitutes "judicial review of ... [an] order[ ] of deportation" for the purposes of 8 U.S.C. Sec. 1105a. See Williams v. I.N.S., 795 F.2d 738, 742-45 (9th Cir.1986) (Williams ), citing Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) (per curiam). The parties do not dispute that the validity of the deportation order was litigated before the BIA and this court, and that it was upheld in each instance. Therefore, section 1105a(c) applies to the habeas petition before us if (1) the prior proceedings before the BIA or this court constitute a "civil or criminal proceeding" in which "the validity of the order has been previously determined," and (2) the statute's two explicit exceptions do not apply. We consider these issues in turn.
 
 A.
 
 9
 The parties dispute whether Toma's proceedings before the BIA constitute a previous "civil or criminal proceeding" within the meaning of section 1105a(c). We hold that they do not. This result comports not only with the usual meaning of the words employed in the statute itself, but with the statute's legislative history as well. Congress passed section 1105a(c) to respond to the "growing frequency of judicial actions ... instituted by undesirable aliens whose cases have no legal basis or merit." H.R.Rep. No. 1086, 87th Cong., 1st Sess., reprinted in 1961 U.S. Code Cong. & Ad. News 2950, 2967 (emphasis added). A proceeding before the BIA is an administrative proceeding, not a judicial one.
 
 
 10
 The district court relied for its conclusion that it had jurisdiction upon United States ex rel. Marcello v. District Director, 634 F.2d 964 (5th Cir.), cert. denied, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981) (Marcello ). Marcello, however, merely held that an alien who was on supervised parole was in custody for habeas purposes, even though not in physical custody, and that the district court therefore had jurisdiction to entertain his habeas petition. Id. at 967-72. The alien in Marcello had not appealed his deportation order beyond the BIA. Rather, after exhausting his administrative remedies, he petitioned for a writ of habeas corpus. Id. at 966. Therefore, Marcello did not have occasion to consider whether a prior ruling in the court of appeals constitutes a "previous[ ] determin[ation] in any criminal or civil proceeding" within the meaning of section 1105a(c). We hold that it does, as plainly it must. Cf. Mai Kai Fong v. INS, 305 F.2d 239, 242 (9th Cir.1962) (finding that section 1105a(c) denies court jurisdiction to entertain petition for review of deportation order where the validity of the deportation order had been previously determined in a district court "judicial proceeding").
 
 B.
 
 11
 The second issue is whether Toma's petition for habeas corpus falls under either of the explicit exceptions contained in section 1105a(c). The first of these covers petitions that present "grounds which the court finds could not have been presented" in a prior civil or criminal proceeding. The first ground presented in Toma's habeas petition is that the immigration judge, based on his mistaken belief that Toma was not in possession of a transit visa at the time he entered the United States and was therefore ineligible for adjustment of status, see 8 U.S.C. Sec. 1255(c)(3), refused to hear and consider Toma's evidence in support of a favorable exercise of discretion. We do not believe that this ground "could not have been presented" in Toma's previous petition for review to this court. In fact, it appears that this ground was presented to us. While our disposition in Toma's appeal contains only a rather cryptic notation that "Toma's claim that he was denied a full and fair opportunity to present his case is not supported by the record," Toma v. INS, No. 84-7379, slip op. at 2 (9th Cir. July 23, 1985) (mem.) 770 F.2d 171 [table], Toma's brief to us clearly presented the issue. He argued that "[h]ad discretion, not statutory eligibility, been the issue before the Immigration Judge, the Petitioner would have had an opportunity to address these issues involving the exercise of discretion" by presenting evidence of "equities ... warranting the favorable exercise of discretion." The brief went on to refer us to an extended discussion in Toma's "Supplemental Brief" of the "detailed evidence" that Toma "could have presented." It seems, then, that the ground presented in Toma's habeas petition not only could have been, but was, presented in the prior proceeding before our court.
 
 
 12
 Nor need we detain ourselves with Toma's contention that he had only raised this argument to us "indirectly" and that our treatment of the issue was insufficient. Toma obviously could have raised this issue "directly," and that is what is determinative under the plain language of the statute. If Toma considered our treatment of this issue in our July 25, 1985, disposition inadequate, he could have raised this argument in his petition for rehearing or petitioned the Supreme Court for a writ of certiorari. He did neither.
 
 
 13
 Toma, however, argues that the ground he presented in his habeas petition was not merely that the immigration judge had improperly refused to hear evidence supporting a favorable exercise of discretion, but that the immigration judge "would have exercised his discretion favorably" had he heard Toma's evidence. Toma then reasons that, because he had not been able to present his evidence, we could not possibly, in reviewing the BIA's order, have determined what the immigration judge would have done.
 
 
 14
 It is not clear that this latter formulation of the issue differs significantly enough from the former to constitute a ground meaningfully different from the one actually presented to us in Toma's initial petition for review. Nor does it appear that Toma's habeas petition actually presented this as a ground. The petition merely states that Toma "would have been able to present evidence ... showing that the Immigration Judge should exercise his discretion favorably," which seems indistinguishable from what Toma argued in his petition for review to our court. More importantly, however, even if we assume that there are indeed two distinct grounds, and that Toma did present as a ground in his habeas petition that the immigration judge "would" have exercised discretion in his favor, there is no reason why this contention could not have been presented to us in Toma's petition for review rather than to the district court in a habeas petition. Neither court, obviously, can make this discretionary determination itself. The matter would have to be remanded to the immigration judge for a new hearing and subsequent exercise of discretion. The district court's order did precisely this. We could have done the same.
 
 
 15
 Finally, Toma's habeas petition asserts that he was denied due process by the INS's deliberate withholding, at his hearing before the immigration judge, of the fact that Toma had a valid transit visa at the time he entered the United States. The INS claims it was not at fault for this oversight--an argument that is hardly frivolous in view of the fact that both Toma and his attorney were also at this hearing and that they also did not inform the immigration judge of the existence of the transit visa. What matters here, however, is not who was responsible for the error, but that Toma obviously could have raised his claim of denial of due process in his petition for review before our court. We conclude therefore that Toma's habeas petition contains no "grounds which ... could not have been presented" in his prior proceeding before this court.
 
 
 16
 The second exception to section 1105a(c) covers situations where "the court finds that the remedy provided by ... [the] prior proceeding was inadequate or ineffective to test the validity of the order." 8 U.S.C. Sec. 1105a(c). The legislative history of section 1105a(c) shows that Congress modeled this language after the text of 28 U.S.C. Sec. 2255, which bars petitions for habeas corpus for federal prisoners unless a virtually identical exception applies. H.R.Rep. No. 1086, 87th Cong., 1st Sess., reprinted in 1961 U.S. Code Cong. & Ad. News 2950, 2973. In such cases, the "burden of coming forward with evidence affirmatively showing" that other proceedings are "inadequate" or "ineffective" rests on the petitioner. McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir.1979); accord Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir.1983). We hold that the same burden applies here.
 
 
 17
 Toma's sole argument as to why this exception applies is that we "could not have given an adequate or effective remedy" in the absence of a "full record on the issue of discretion." This is not true, however. We could have remanded the matter for a new hearing to permit Toma to present his evidence, with an exercise of agency discretion to follow thereafter. Toma has suggested no other reason why the prior proceeding before our court was inadequate or ineffective to remedy the wrong that is the focus of his habeas petition. Nor, in view of the remedy that we had the power to provide, do we believe that he could do so.
 
 
 18
 Because neither of the exceptions in section 1105a(c) applies in Toma's case, that section deprived the district court of jurisdiction to entertain Toma's habeas petition.
 
 
 19
 REMANDED TO THE DISTRICT COURT TO VACATE ORDER GRANTING WRIT AND TO DISMISS PETITION.