999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clement C. NWABUEZE, Plaintiff-Appellant,
v.
Richard C. SMITH, District Director, INS, Immigration and
Naturalization Service, Defendant-Appellee.
 No. 92-36672.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 22, 1993.
 
 1
 Before: WRIGHT, FLETCHER and CANBY, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Clement C. Nwabueze, a Nigerian citizen in the custody of the Immigration and Naturalization Service (INS), appeals the dismissal of his second habeas corpus petition.[1] We review de novo, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993), and we affirm.
 
 DISCUSSION
 
 4
 We affirmed the dismissal of Nwabueze's first-habeas petition because he had failed to demonstrate exhaustion of his administrative remedies. Nwabueze v. Smith, No. 91-36302, slip. op. at 2 (9th Cir. Sept. 24, 1992) (unpublished disposition). In a related appeal, we vacated the decision of the Board of Immigration Appeals (BIA), which had denied Nwabueze's petition for suspension of deportation and his motion to reopen. Nwabueze v. INS, No. 91-70419 (9th Cir. Sept. 24, 1992) (unpublished disposition). Today we affirmed the BIA's decision on remand, which again denied Nwabueze relief from deportation. Nwabueze v. INS, No. 93-70031 (9th Cir. ---- ----, 1993) (unpublished disposition).
 
 
 5
 Nwabueze's second habeas petition challenges his deportability upon grounds which we have already considered and rejected in his petitions to review the two BIA decisions. Although those petitions obstensibly challenged the denial of suspension and reopening, rather than Nwabueze's deportability, we are satisfied that the petitions afforded adequate and effective opportunities for him to raise the arguments he advances here. Accordingly, neither we nor the district court have subject matter jurisdiction to consider the second habeas petition. 8 U.S.C. § 1105a(c); Toma v. Turnage, 825 F.2d 1400, 1403-04 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Nwabueze styled his complaint as one seeking a declaratory judgment, but we agree with the district court's characterization of the action as one arising under 28 U.S.C. § 2241