35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny FABRICANT, Petitioner-Appellant,
v.
Ivalee HENRY; Attorney General of the State of California,
Respondents-Appellees.
 No. 93-55994.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided Aug. 31, 1994.
 
 1
 Before: HUG, WIGGINS, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Danny Fabricant ("Petitioner") appeals the district court's dismissal of his petition for writ of habeas corpus. Petitioner challenges the constitutionality of his conviction and sentence in a California court for possession of methamphetamine.
 
 I. Sufficiency of the Evidence
 
 4
 Petitioner argues that he may not be convicted of the offense because no evidence was introduced of the concentration of methamphetamine in the substance possessed by Petitioner.
 
 
 5
 Ordinarily, we will review the evidence adduced at trial to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Payne v. Borg, 982 F.2d 335, 339 (9th Cir.1992), cert. denied, 114 S.Ct. 131 (1993). However, in order to avoid intruding upon state criminal law, "the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n. 16.
 
 
 6
 To the extent that Petitioner argues that proof of some purity of the substance or quantity of actual methamphetamine is a required element of the crime, he is simply wrong. California law is clear on this issue. It is not necessary to prove purity or "narcotic effect" if the substance is of a usable form and quantity. People v. Rubacalba, 6 Cal.4th 62, 65, 859 P.2d 708, 710 (1993). The relevant inquiry is whether "[t]he presence of the narcotic [is] reflected in such form as reasonably imputes knowledge to the defendant." Id., 859 P.2d at 711 (quoting People v. Aguilar, 223 Cal.App.2d 119, 122-123 (1963)); see also People v. Leal, 64 Cal.2d 504, 509, 413 P.2d 665, 668 (1966) (quoting the same).
 
 
 7
 In this case, the substance containing the methamphetamine was in the form of eight tenths of a gram of a white powdery substance packaged in a small plastic bag. This is a form and quantity that is highly correlated with abuse of controlled substances. A trier of fact might well impute to a defendant the knowledge that the substance contains illicit drugs based on that form and quantity. It is not necessary, as Petitioner claims, for there to be expert testimony with respect to whether the substance was of a usable form and quantity. The evidence is therefore sufficient to support Petitioner's conviction.
 
 
 8
 Petitioner's argument might be interpreted as a constitutional challenge to California's law on the possession of methamphetamine. See Jackson, 443 U.S. at 324 n. 16 ("Whether the State could constitutionally make the conduct at issue criminal at all is, of course, a distinct question."). Even as a constitutional claim, however, the argument fails. Petitioner appears to argue that possession of a substance containing illegal drugs may not be criminalized unless the crime includes as an element the requirement that the quantity of the actual drug exceeds some de minimis amount. The Supreme Court has, however, held constitutional a federal statute imposing a mandatory minimum sentence for distribution of a "mixture or substance containing a detectable amount" of LSD. Chapman v. United States, 111 S.Ct. 1919, 1929 (1991); see 21 U.S.C. Sec. 841(b)(1)(B)(v). California employs a similar standard. See Rubacalba, 859 P.2d at 710 ("The chemical analysis of the material possessed need only establish the presence of a controlled substance."). We find no constitutional error in California's relieving the prosecution of the burden of establishing any particular level of purity of methamphetamine beyond a detectable amount.
 
 II. Jury Instructions
 
 9
 Petitioner claims that instructions given to the jury were improper. He argues that the instruction stating that the government need not prove that the substance would produce a narcotic effect misstated the prosecution's burden. He also argues that the court should have issued two instructions necessary to allow him to argue that the substance that he possessed was not usable as a controlled substance.
 
 
 10
 "[T]he petitioner in a habeas proceeding has the burden of demonstrating that an erroneous instruction 'so infected the entire trial that the resulting conviction violates due process.' " Prantil v. California, 843 F.2d 314, 317 (9th Cir.) (quoting Darnell v. Swinney, 823 F.2d 299, 301 (9th Cir.1987), cert. denied, 484 U.S. 1059 (1988)), cert. denied, 488 U.S. 861 (1988).
 
 
 11
 The instructions accurately reflect California law. The given instruction, CALJIC 12.33, correctly reflects the prosecution's burden under Rubacalba. The other instructions sought by Petitioner deal with exact quantity, which was not at issue, and scientific tests that the government had no duty to perform. Petitioner has not established error in the instructions, let alone error so severe as to violate the Constitution.
 
 III. Prior Prison Terms
 
 12
 Finally, Petitioner argues that the district court erred by determining that Petitioner was not "in custody" for certain challenged prior convictions because the sentence being served by Petitioner was not enhanced because of those prior convictions.
 
 
 13
 Custody is a jurisdictional requirement for the federal courts to entertain a petition for writ of habeas corpus. 28 U.S.C. Sec. 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States."); see Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that a petitioner is not "in custody" for convictions after the sentences imposed therefor have fully expired). This court reviews de novo the district court's decision that it was without jurisdiction to entertain a petition for writ of habeas corpus. Toma v. Turnage, 825 F.2d 1400, 1402 (9th Cir.1987).
 
 
 14
 Following the magistrate judge, the district court concluded that Petitioner was not in custody because the sentencing court expressly stayed "any punishment as and for the three" prior prison terms. Petitioner does not directly attack that conclusion. Instead, Petitioner argues that the sentencing court would have sentenced differently if the court had only known about the invalidity of the prior convictions. Specifically, Petitioner claims that the sentencing court would have stayed the two-year enhancement for a crime committed while on bail and only imposed a one-year enhancement for the single valid prior prison term.
 
 
 15
 We agree with the district court that, under Maleng, Petitioner is not in custody for those prior prison terms. Petitioner's theories about how he might have been sentenced are not sufficient to establish jurisdiction of the federal courts over his habeas petition. The district court was without jurisdiction to consider his collateral attack on the prior prison terms.
 
 IV. Conclusion
 
 16
 The district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3