**Saksit NAKARANURACK,**
Petitioner–Appellant,

v.

**UNITED STATES of America, Department of Justice; Immigration and Naturalization Service, District Director, Ruth Ann Meyers, Officer in Charge of the Las Vegas Office, Arthur E. Strapp, Respondents–Appellees.**

No. 94–16531.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1995.

Decided Sept. 5, 1995.

---

Xavier Gonzales, Las Vegas, NV, for petitioner-appellant.

Francesco Isgro, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondents-appellees.

Before: HALL, WIGGINS, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

In this case we are called upon to determine whether a district court properly dismissed for lack of subject matter jurisdiction a petition for writ of habeas corpus, filed by a resident alien seeking review of the denial of his request for discretionary relief from deportation. For the reasons which follow, we conclude that the district court had jurisdiction to entertain the petition. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Saksit Nakaranurack ("Nakaranurack") is a 32–year–old native of Thailand and has been a lawful permanent resident of the United States since 1969. Nakaranurack's father is an American citizen; his mother and brother are lawful permanent residents of the United States.

In 1988, Nakaranurack was convicted in state court of drug trafficking and sentenced to twelve months of probation. Shortly after Nakaranurack had satisfactorily completed his term of probation, the United States Immigration and Naturalization Service ("INS") issued an order to show cause why he should not be deported. Nakaranurack appeared at his 1990 deportation hearing with an accredited representative. Nakaranurack admitted his criminal conviction and conceded deportability, but sought discretionary relief under the so-called "forgiveness" provision of section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c).[1]

At the conclusion of the hearing, the Immigration Judge ("IJ") denied the relief requested. Nakaranurack then retained new counsel and appealed to the Board of Immigration Appeals ("BIA"), arguing that the IJ had abused his discretion by basing his decision on erroneous factual findings, and that Nakaranurack had been denied the effective assistance of counsel. The BIA upheld the IJ's decision and dismissed Nakaranurack's appeal.

Although the BIA apparently mailed a copy of its ruling to the attorney representing Nakaranurack, the materials provided do not show that the lawyer received notice of the decision within the 30–day time limit for filing a direct appeal to the Ninth Circuit. *See* 8 U.S.C. § 1105a(a)(1).[2] Nakaranurack insists, and the government does not dispute, that *he* did not receive notice of the BIA's ruling within the requisite 30 days. In any event, Nakaranurack did not appeal from the BIA's decision to this court; instead, Nakaranurack filed a petition for writ of habeas corpus in federal district court just two days before his scheduled deportation, asserting the same two claims he had raised in his appeal to the BIA.

The case was assigned to a Magistrate Judge who issued a temporary restraining order, staying Nakaranurack's deportation pending resolution of his habeas claim. The Magistrate Judge subsequently rescinded the stay and recommended that the petition be dismissed for want of subject matter jurisdiction. The district court adopted the Magistrate Judge's findings and recommendation and dismissed the petition. Nakaranurack has timely appealed from that ruling.

1. At the time of Nakaranurack's deportation hearing, 8 U.S.C. § 1182(c) read as follows:

   Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section. Nothing contained in this subsection shall limit the authority of

   the Attorney General to exercise the discretion vested in him under section 1181(b) of this title.
   Subsection (c) was amended slightly in 1990 and 1991, but neither change was of a substantive nature.

2. That provision states, in relevant part: "[A] petition for review may be filed ... in the case of an alien convicted of an aggravated felony ... not less than 30 days after the issuance of [a final deportation] order."

## ANALYSIS

### *Standard of Review*

█ We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 772 (9th Cir.1995).

### *Discussion*

█ Section 106(a) of the INA provides that an alien wishing to challenge a final decision of the BIA must directly petition a federal court of appeals to review the BIA's decision. *See* 8 U.S.C. § 1105a(a) ("The procedure prescribed by ... the provisions of chapter 158 of Title 28 shall ... be the sole and exclusive procedure for[] the judicial review of all final orders of deportation"). Notwithstanding this "sole and exclusive" language, however, habeas review is generally available in the district courts for "any alien held in custody pursuant to an order of deportation[.]" 8 U.S.C. § 1105a(a)(10).

█ We have broadly construed "in custody" to apply to situations in which an alien is not suffering any actual physical detention; *i.e.,* so long as he is subject to a final order of deportation, an alien is deemed to be "in custody" for purposes of the INA, and therefore may petition a district court for habeas review of that deportation order. *See, e.g., Williams v. INS,* 795 F.2d 738, 744–45 & n. 3 (9th Cir.1986); *Sotelo Mondragon v. Ilchert,* 653 F.2d 1254, 1255 (9th Cir.1980); *Flores v. INS,* 524 F.2d 627, 629 (9th Cir.1975) (per curiam). In light of the above authorities, the government reluctantly concedes that the district court erred by concluding that it lacked jurisdiction over Nakaranurack's habeas petition.

The government nevertheless argues that we should uphold the district court's decision on a different legal theory. Citing *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) as an example of the Supreme Court's desire to curb habeas abuse, the government urges us to impose an interpretive gloss on 8 U.S.C. § 1105a(a)(10) similar to that on 28 U.S.C. § 2254. Specifically, the government contends that, just as a state prison inmate must exhaust available remedies before seeking federal habeas review of his conviction, and is required to demonstrate cause and prejudice for any procedural default, an alien challenging a deportation order via habeas corpus should also have to exhaust his available remedies, which should be interpreted as requiring a direct appeal to the appropriate federal appellate court; any failure to do so would require a showing of cause and prejudice for such procedural default.

█ There is no controlling authority from this Circuit, and no persuasive authority from any other circuit squarely on point. Nevertheless, we are not entirely without guidance in this area. Federal habeas relief under section 106(a)(10) of the INA was intended by Congress to be a narrow exception to the general rule of direct review of BIA decisions by federal appellate courts; consequently, routinely allowing aliens to bypass the normal review process by the simple expedient of filing habeas petitions could easily result in the exception swallowing the rule. *See, e.g.,* H.R.Rep. No. 1086, 87th Cong., 1st Sess. 30, *reprinted in* 1961 U.S.Code Cong. & Admin.News 2950, 2974 (allowing aliens to ignore time limit for direct appeal under section 106(a)(1), while permitting them to raise all challenges to deportation orders for the first time after being taken into INS custody, would invite "the sorry spectacle of having deportable aliens wait until they are being led to the ship or plane, years after the deportation proceedings have been concluded, before they deign to seek legal redress in the courts."). *Accord Foti v. INS,* 375 U.S. 217, 224, 84 S.Ct. 306, 310, 11 L.Ed.2d 281 (1963) ("The fundamental purpose behind § 106(a) was to abbreviate the process of judicial review of deportation orders in order to frustrate certain practices which had come to the attention of Congress, whereby persons subject to deportation were forestalling departure by dilatory tactics in the courts.").

It is for this reason that "[a]n order of deportation ... shall not be reviewed by any court *if the alien has not exhausted the administrative remedies available to him* as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c) (emphasis added). More to the point:

Every petition for ... habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding[.] ... No petition for ... habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

*Id.* (in relevant part).

In *Toma v. Turnage*, 825 F.2d 1400 (9th Cir.1987), we had occasion to construe section 1105a(c). In that case, Toma failed to appeal from his deportation order, but later moved to stay deportation and sought to reopen his original case in order to apply for asylum, withholding of deportation, and adjustment of his immigration status. The IJ denied relief and Toma appealed to the BIA, arguing, *inter alia*, that the IJ had abused his discretion by basing his decision on erroneous facts. The BIA dismissed the appeal, whereupon Toma petitioned the Ninth Circuit for review of the BIA's decision. Following our affirmance of the BIA decision, Toma filed a petition for writ of habeas corpus in district court, asserting an issue he had not previously raised. The district court granted the petition and issued the writ; we remanded with instructions to dismiss for want of jurisdiction.

■ Implicit in our holding was the requirement that an alien may petition for habeas review of a deportation order *only* if the issues raised concerning the validity of that deportation order had not and could not have been determined in a prior judicial proceeding. *Toma*, 825 F.2d at 1402–03 (discussing 8 U.S.C. § 1105a(c)). In reaching that conclusion, we noted that neither a ruling by an IJ nor a decision of the BIA constitutes a "judicial proceeding" for purposes of the statute; *i.e.*, only a federal district or appellate court may make such a ruling. *Id.* Accordingly, Toma's previous direct appeal of the BIA's decision precluded habeas review of his deportation order; his assertion of an issue in the habeas petition that had not been presented to the Ninth Circuit on direct appeal did not change things, because that new issue could have been raised in his direct appeal. *Id.*

In the instant case, Nakaranurack asserted the same two issues in his habeas petition that he had presented to the BIA. Had he taken a direct appeal to the Ninth Circuit, he could have raised these arguments before us on that direct appeal, and would thereby be precluded from reasserting them in a habeas petition before the district court. *See Toma*, 825 F.2d at 1402–03. However, Nakaranurack has consistently maintained that he was precluded from filing a direct appeal because he received no notice of the BIA's decision until after the 30-day time limit for direct appeal had passed. The government does not dispute this, but simply notes that Nakaranurack's attorney was sent a copy of the BIA's decision, and Nakaranurack is bound by his lawyer's negligence.

■ While it is true as a general principle of law that one is ordinarily bound by the negligence of one's own counsel, we decline to impute negligence on the part of Nakaranurack's attorney when there is no evidence before us that he ever received timely notice of the BIA's decision. Therefore, in light of the fact that the district court erroneously concluded it lacked jurisdiction to entertain a habeas petition filed by a resident alien facing deportation, and owing to the absence of a factual basis for concluding that Nakaranurack deliberately bypassed his opportunity to appeal directly from the BIA's decision to this court, we must remand for the district court to determine whether Nakaranurack was afforded an opportunity to challenge the BIA's decision.

REVERSED and REMANDED for further proceedings.