**Pedro DE LA CRUZ, Petitioner,**

v.

**Janet RENO, et al., Respondents.**

**No. Civ.A. 99–10688–EFH.**

United States District Court,
D. Massachusetts.

June 24, 1999.

Stephen A. Lagana, Lagana & Associates, Lawrence, MA, for Pedro De La Cruz, Petitioner.

Paul D. Kovac, Office of Immigration Litigation, Civil Division, Washington, DC, for Janet Reno, Attorney General, Respondents.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the Respondents' Motion to Dismiss. For the reasons below, the Court grants this motion.

The Petitioner, Pedro De La Cruz, is a citizen of the Dominican Republic who entered the United States as a lawful permanent resident on September 13, 1987. The petitioner was admitted into the United States on a conditional basis pursuant to his marriage to a United States citizen. In April, 1997, the Immigration and Naturalization Service ("INS") terminated the petitioner's conditional resident status because the petitioner failed to file a petition requesting that the conditional basis of his residence be removed. On June 27, 1990, the petitioner filed an application for waiver (Form I–752) on the grounds that he entered into his marriage in good faith but that he terminated his marriage through divorce. On May 29, 1992, the INS issued a notice of intent to terminate conditional resident status because the petitioner had failed to prove that his marriage was not fraudulent and was entered into solely for the purpose of procuring entry into the United States. On October 15, 1992, the INS terminated the petitioner's conditional resident status and commenced deportation proceedings in the Immigration Court.

On April 6, 1994, the Immigration Judge ruled that the petitioner had not proved that his marriage was entered into in good faith, and, accordingly, the judge ordered the petitioner deported. The petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals, which, on February 4, 1997, affirmed the decision below. The petitioner *did not* appeal the Board of Immigration Appeals' decision to the Court of Appeals for the First Circuit.

The petitioner now asks this Court to grant his Petition for Writ of Habeas Corpus, which asks that this Court vacate the petitioner's final order of deportation. Unfortunately for the petitioner, this Court lacks the subject matter jurisdiction to grant his request. Any review of an order of removal must be made in the Court of Appeals. 8 U.S.C. § 1252(b)(2). Although the petitioner has styled his case as a petition for habeas corpus, in substance the petitioner is attacking the merits of his deportation order, specifically, the Immigration Judge's decision not to allow a witness to testify on behalf of the petitioner in the deportation hearing. This Court cannot review the merits of a deportation order. Instead, pursuant to 8 U.S.C. § 1252(b)(2) the petitioner must appeal the Board of Immigration Appeals' decision directly to the Court of Appeals for the First Circuit within 30 days of the issuance of the final order of deportation.

The petitioner cannot use the extraordinary means of habeas corpus relief to bypass the normal review process. As the Court of Appeals for the Ninth Circuit has held, "an alien may petition for habeas review of a deportation order *only* if the issues raised concerning the validity of that deportation order had not and could not have been determined in a prior judicial proceeding." *Nakaranurack v. United States*, 68 F.3d 290, 294 (9th Cir.1995) (construing former 8 U.S.C. § 1105a(c)). Here, the petitioner had the opportunity to raise his concerns with the Immigration Judge's decision at the First Circuit, but

did not do so. He may not now raise these concerns before this Court. Accordingly, the Court grants the Respondents' Motion to Dismiss.

SO ORDERED.