Vichai Sae TUNG, Petitioner,

v.

Donald A. RADCLIFFE, District Director, Immigration and Naturalization Service, Respondent.

No. 01–15334.

D.C. No. CV 01–00111–DAE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided July 13, 2001.

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Vichai Sae Tung, a native and citizen of Thailand, appeals the district court's denial of his motion for a preliminary injunction, filed under 28 U.S.C. § 2241, and challenges the Immigration and Naturalization Service's ("INS") order that he report to the Honolulu INS office for termination of parole and deportation. While deportation proceedings were pending, Tung allegedly received authorization from the INS to visit his sick father in Thailand. Upon his return, the INS denied Tung entry into the United States. He was then paroled into the United States for a determination of his status. Tung filed a habeas petition to the district court in which he requested a preliminary injunction to prevent his deportation. The district court denied relief, and we affirm.

■ The district court lacked jurisdiction to hear Tung's petition for habeas corpus, because Tung did not exhaust his administrative appeal. We apply the pre-IIRIRA exhaustion provision, which stated: "[a]n order of deportation ... shall not be reviewed by any court if the alien

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c). Tung did not exhaust his administrative remedies because he failed to address on direct appeal to the BIA and the Ninth Circuit the various issues that he raises now—equitable estoppel, the Fleuti doctrine, whether 8 C.F.R. § 3.4 violates his due process rights, and whether the 90–day rule is mandatory.

■ Tung argues that the exhaustion rule should not apply here, because his failure to oppose his deportation order was caused by the Government's sending its motion to dismiss to the wrong address; and his counsel did not receive the Government's motion until after the Board of Immigration Appeals (BIA) had issued its order. Tung's argument is unavailing because he fails to provide a legal basis for his failure to appeal and, therefore, to exhaust. Unlike the petitioner in *Nakaranurack v. United States*, 68 F.3d 290, 294 (9th Cir.1995), Tung does not claim that he did not receive notice of the BIA's order declaring "the initial decision of the Immigration Judge [ ] final as though no appeal had been taken" until it was too late to appeal. The late arrival of the Government's motion does not explain why Tung did not appeal the order or why his motion to reconsider was untimely. In sum, the district court did not err in refusing a preliminary injunction, because there was no jurisdiction.

Accordingly, we AFFIRM the district court's denial of a preliminary injunction.