Kading KHOTESOUVAN,
Petitioner–Appellant,

v.

George MORONES; Michael Garcia;
Asa Hutchinson; Tom Ridge; John
Ashcroft, Attorney General, Respondents–Appellees.

Hun Van Le, Petitioner–Appellant,

v.

George Morones; Michael Garcia; Asa
Hutchinson; Tom Ridge; John Ashcroft, Attorney General, Respondents–Appellees.

Dang Tran, Petitioner–Appellant,

v.

George Morones; Michael Garcia; Asa
Hutchinson; Tom Ridge; John Ashcroft, Attorney General, Respondents–Appellees.

Vinh Tran Dao, II, Petitioner–Appellant,

v.

George Morones; Michael Garcia; Asa
Hutchinson; Tom Ridge; John Ashcroft, Attorney General, Respondents–Appellees.

Sengchang Savath, Petitioner–Appellant,

v.

George Morones; Michael Garcia; Asa
Hutchinson; Tom Ridge; John Ashcroft, Attorney General, Respondents–Appellees.

Nos. 04–35417, 04–35419, 04–35420,
04–35421, 04–35422.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 2004.

Filed Oct. 27, 2004.

Christine Stebbins Dahl, Assistant Federal Defender, Portland, OR, for the appellants.

Kenneth C. Bauman, Assistant United States Attorney, Portland, OR, for the appellees.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

HALL, Senior Circuit Judge.

This appeal presents the question whether the government may continue to detain an alien ordered removed who has been held in custody for fewer than 90 days, but whose removal is not reasonably foreseeable. We hold that an alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed.

## I. FACTS

The petitioners in this consolidated appeal are five aliens from Vietnam or Laos who were ordered removed from the United States in late February and early March of 2004.

According to the government, all five had been previously convicted of aggravated felonies. (We have not been provided with their criminal records.) Vietnam and Laos refused to repatriate the aliens, and the government concedes that repatriation is not likely to occur in the foreseeable future.

Between May 5 and May 7, 2004, the aliens filed petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241. On May 12, 2004, the district court denied the petitions. The aliens filed notices of appeal that same day.

The INS released three of the aliens on conditions in the subsequent month: Dao, Khoutesouvan, and Tran. Le and Savath, however, remained in federal custody as of June 28, 2004.[1]

## II. JURISDICTION AND STANDARD OF REVIEW

We exercise jurisdiction over habeas petitions pursuant to 28 U.S.C. §§ 1291 and 2253.[2] We review *de novo* a district court's decision to grant or deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir.2004).

## III. ANALYSIS

Petitioners contend that they were deprived of due process of law when they were detained even though there was no likelihood that they would be removed in the foreseeable future. Because repatriation was futile, the petitioners contend, their continued detention served no purpose other than punishment. They rely upon the Supreme Court's statement in *Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."

We are not persuaded by this argument. The petitioners filed their habeas petitions before the 90-day statutory removal period had expired.[3] Congress has mandated

---

**1.** Although three of the aliens have been released by the INS, because at least some petitioners remain in custody, the issues presented have not been rendered moot as to all the parties.

**2.** The government argues that we lack jurisdiction over these habeas petitions. Nevertheless, Congress did not explicitly bar habeas review of detention under 8 U.S.C. § 1231(a), and "habeas review is generally available in

the district courts for 'any alien held in custody pursuant to an order of deportation[.]' " *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir.1995) (editing in original) (*quoting* 8 U.S.C. § 1105a(a)(10)); *see Demore v. Kim*, 538 U.S. 510, 516–17, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

**3.** The government "shall remove" an alien ordered removed within 90 days. 8 U.S.C. § 1231(a)(1)(A). The 90-day removal period

the detention of an alien ordered removed for 90 days, so that the government will have adequate time to attempt to secure the alien's removal through negotiations with foreign governments. "During the [90–day] removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release [a criminal alien]." 8 U.S.C. § 1231(a)(2)."[D]uring the 90–day removal period ... aliens must be held in custody. § 1231(a)(2)." *Zadvydas*, 533 U.S. at 683, 121 S.Ct. 2491.

The petitioners' argument rests on an overly broad reading of *Zadvydas*. *Zadvydas* addressed not 8 U.S.C. § 1231(a)(2), but 8 U.S.C. § 1231(a)(6), which provides that the government "may" detain aliens *beyond* the 90–day removal period under certain circumstances. *Id.* at 682, 121 S.Ct. 2491.[4] Construing

§ 1231(a)(6) to avoid the serious constitutional threat that a person could be held indefinitely, perhaps permanently, in civil confinement without recourse to judicial review and without having been convicted of criminal charges, the Court held that, unless special circumstances exist, an alien ordered removed whose removal is not reasonably foreseeable may not be detained indefinitely, but only for "a period reasonably necessary to secure removal." *Id.* at 699, 121 S.Ct. 2491; *see also id.* at 690–92, 121 S.Ct. 2491. Detention for 6

months, including the 90–day removal period, is "presumptively reasonable." *Id.* at 701, 121 S.Ct. 2491. A due process analysis and remedy follow: If, after 6 months, the alien makes a showing that there is "no significant likelihood of removal in the reasonably foreseeable future," then the government must establish such a likelihood, or the existence of special circumstances, or the alien must be released from custody. *Id.* at 696, 701, 121 S.Ct. 2491.

Since *Zadvydas* came down, the Supreme Court has clarified that the *Zadvydas* due process analysis applies only if a danger of indefinite detention exists and there is no significant likelihood of removal in the reasonably foreseeable future. In *Demore v. Kim*, 538 U.S. 510, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), the Court approved the mandatory detention of a criminal alien during removal proceedings under 8 U.S.C. § 1226(c) even in the absence of an individualized finding that the alien was unlikely to appear for his removal hearing if released on bond. The Court distinguished *Zadvydas* on two independent grounds. First, in *Zadvydas*, "removal was 'no longer practically attainable,' " whereas it was attainable in Kim's case. *Id.* at 527–28, 123 S.Ct. 1708 (*quoting Zadvydas*, 533 U.S. at 690, 121 S.Ct. 2491). Second, in *Zadvydas*, the period of detention at issue was " 'indefinite' and 'potentially permanent.' " *Kim*, 538 U.S.

---

commences on the latest of: the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement. 8 U.S.C. § 1231(a)(1)(B). Le and Savath filed their habeas petitions in federal district court approximately 60 days after their orders of removal became final. We analyze the petitions under the § 1231(a)(2) procedural posture, as the district court in fact confronted the § 1231(a)(2) posture. *McNeely v. Blanas*, 336 F.3d 822, 825 n. 2 (9th Cir.2003).

4. "An alien ordered removed who is [1] inadmissible ..., [2] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of national security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." 8 U.S.C. § 1231(a)(6).

at 528, 123 S.Ct. 1708(*quoting Zadvydas,* 533 U.S. at 690–91, 121 S.Ct. 2491). By contrast, detention under § 1226(c) "lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Kim,* 538 U.S. at 530, 123 S.Ct. 1708. Thus, there was no danger of indefinite detention: "Under § 1226(c), not only does detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas.*" *Id.* at 529, 123 S.Ct. 1708.

Just as the period of detention under § 1226(c) passed constitutional scrutiny in *Kim,* the period of detention under § 1231(a)(2) also passes constitutional scrutiny. The reason why the *Zadvydas* due process analysis does not extend to § 1231(a)(2) is that the danger to which the *Zadvydas* Court responded—the danger of "indefinite, perhaps permanent" civil confinement—does not exist when the government is holding an alien under § 1231(a)(2), a provision authorizing detention for 90 days only. *Zadvydas,* 533 U.S. at 699, 121 S.Ct. 2491. The *Zadvydas* Court emphasized that the due process analysis attaches in the post-removal period:

> [W]e must decide whether this post-removal-period statute [§ 1231(a)(6)] authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal.... After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody. § 1231(a)(2).

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

*Id.* at 682–83, 121 S.Ct. 2491 (emphasis in the original).

Because petitioners filed their habeas petitions during the 90–day removal period, the district court correctly dismissed the petitions. § 1231(a)(2).

**AFFIRMED.**

The opinion filed on September 13, 2004, is hereby withdrawn and the attached opinion filed in its stead.