Wendy Espinoza CUCALON,
Petitioner–Appellant,

v.

Condoleezza RICE, United States Secretary of State; Arnold Schwarzenegger, Governor of the State of California; Steve Cooley, Los Angeles County District Attorney; Superior Court of the State of California for the County of Los Angeles; Freddy Ramos Andrade, Respondents–Appellees.

No. 07–55984.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed April 14, 2008.

Leon B. Hazany, Law Offices of Asherson, Klein & Darbinian, Beverly Hills, CA, for Petitioner-Appellant.

Keith M. Staub, Office of the U.S. Attorney, Michael Fishman, Office of the District Attorney, Amaka Ada Akudinobi, Law Offices of Amaka Ada Akudinobi, Levi Reuben Uku, Law Offices of Levi Reuben Uku, Los Angeles, CA, for Respondents-Appellees.

Before: WARDLAW, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM *

Wendy Espinoza Cucalon, a native and citizen of Ecuador, appeals the district court's denial of her ex parte application for an emergency temporary restraining order. We dismiss for lack of jurisdiction.

Espinoza filed a habeas complaint and petition for declaratory and injunctive relief in the federal district court on July 6, 2007, seeking a stay of the Los Angeles County Superior Court's order pending Espinoza's application under the Convention Against Torture ("CAT"). She asked that the district court also vacate and declare unlawful the Superior Court's June 12, 2007 order which, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 (1980), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601–11610, required the return of Espinoza's children to Ecuador, or alternatively, granted temporary physical custody of the children to their father, Freddy Ramos Andrade, to effectuate the children's return. On July 12, 2007, Espinoza appealed the Superior Court's order to the California Court of Appeal; the appeal was denied on August 29, 2007.

■ We lack habeas corpus jurisdiction because Espinoza and her children are not "in custody" as required by 28 U.S.C. § 2241. See, e.g., Hensley v. Municipal Court, 411 U.S. 345, 351–52, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); Jones v. Cunningham, 371 U.S. 236, 237, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (finding paroled prisoner to be "in custody" where his parole "impose[d] conditions which significantly confine[d] and restrain[ed] his freedom," including "that his parole was subject to revocation or modification at any time . . . and that petitioner could be arrested and returned to prison for cause"); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir.1995) (stating that "so long as [an alien] is subject to a final order of deportation, [he] is deemed to be 'in custody' "). As the Supreme Court stated in Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 515–16, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982), state court judgments concerning child custody matters are beyond the purview of habeas corpus.

■ To the extent that Espinoza's complaint does not sound in habeas, but rather seeks redress of a legal wrong allegedly

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

committed by the Superior Court when it issued the June 12 order and judgment, we lack jurisdiction over her claims under the *Rooker–Feldman* doctrine.[1] *See Doe v. Mann,* 415 F.3d 1038, 1041–42 (9th Cir. 2005) ("Typically, the *Rooker–Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (internal quotation marks omitted)); *Noel v. Hall,* 341 F.3d 1148, 1156, 1158, 1163–64 (9th Cir.2003) (explaining that "*Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal" and that under *Feldman,* a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 292–93, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (concluding that the *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

■ Insofar as Espinoza's claims allege legal injury caused by the government or Andrade, the state court judgment ordering the children's return pursuant to the Hague Convention in an action brought under ICARA must be given preclusive effect. *See Holder v. Holder,* 305 F.3d 854, 864–66 (9th Cir.2002) (citing 42 U.S.C. § 11603(g)) ("[F]ederal courts adjudicating petitions under the Hague Convention must accord preclusive effect only to those state court judgments ordering or denying the return of a child pursuant to the Hague Convention in an action under ICARA ...."); *see also Gaudin v. Remis,* 415 F.3d 1028, 1034 (9th Cir.2005).

Nor do we have jurisdiction to review Espinoza's CAT claims because there has not been a final order of removal. *See* § 2242(d) of the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105–277, div. G, 112 Stat. 2681–822 (codified at 8 U.S.C. § 1231 note); *Hamoui v. Ashcroft,* 389 F.3d 821, 826 (9th Cir.2004).

**DISMISSED.**

---

1. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).