Ruben BENAVIDES–PEREZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71829.

Agency No. A38–820–570.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Jan. 13, 2004.

James Todd Bennett, El Cerrito, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Los Angeles, CA; and Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Anh–Thu P. Mai, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

## MEMORANDUM***

Ruben Benavides–Perez petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the opinion of the Immigration Judge ("IJ") that he was removable as a person who had been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). He argues that the California statute defining false imprisonment is very broad, and therefore false imprisonment is not necessarily a crime of violence. In addition, he argues that the California statute which makes false imprisonment by violence a felony is merely a sentencing enhancement, and cannot be considered in determining whether his crime was an aggravated felony. Finally, he argues that the IJ erred in determining that his crime was a crime of violence, because the IJ relied on evidence that had been offered but not admitted.

■ Benavides–Perez did not raise the latter two arguments before the BIA; as such, he has not exhausted his administrative remedies as to these arguments, and we lack jurisdiction to consider them. *See*

8 U.S.C. § 1252(d)(1); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

We do not have jurisdiction to review a final order of removal against an alien who has committed an aggravated felony. 8 U.S.C § 1252(a)(2)(C). We retain jurisdiction to determine whether the alien was convicted of a crime that constitutes an aggravated felony, however, and we make that determination de novo. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000); *Alarcon–Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir.2000).

■ The IJ found that Benavides–Perez was removable because he had been convicted of an aggravated felony. Specifically, the IJ found that Benavdes–Perez had been convicted of "a crime of violence ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). In determining whether a crime is a crime of violence, courts take one of two approaches. Under the categorical approach, the court does a categorical comparison between the statute under which the alien was convicted and the definition of a crime of violence. *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002). A specific offense "qualifies as an aggravated felony if and only if the full range of conduct covered by [the criminal statute] falls within the meaning of that term." *Id.* (internal quotations and citations omitted) (alteration in the original). Under the modified categorical approach, the court looks at certain documents in the record to determine whether the alien's conviction satisfies the definition of an aggravated felony. *Id.*

On April 29, 1997, Benavides–Perez pled guilty to a charge of false imprisonment in

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Superior Court of California and was sentenced to a prison term of sixteen months. The California Penal Code defines false imprisonment as "the unlawful violation of the personal liberty of another." Cal.Penal Code § 236. The code further states that false imprisonment effected by violence, menace, fraud, or deceit is punishable by imprisonment in the state prison. Cal.Penal Code § 237. Under California law, a felony is defined as "a crime which is punishable with death or by imprisonment in the state prison." Cal.Penal Code § 17. Thus, false imprisonment by violence, menace or fraud is a felony.

Benavides–Perez argues that this definition is not sufficient to determine that false imprisonment is a crime of violence under the categorical approach. Even if this argument is correct, however, the conviction satisfies the definition of a crime of violence under the modified categorical approach. According to the abstract of judgment, Benavides–Perez pled guilty to count three of the amended indictment. That count specifically charged him with committing "false imprisonment by violence." The amended information is a charging document that can be used in conjunction with the judgment to determine the elements of the conviction under the modified categorical approach. *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 888 (9th Cir.2003). The amended information and the abstract of judgment show that Benevides–Perez was convicted of a crime of violence and was sentenced to more than a year in prison. As such, he was convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F), and we

lack jurisdiction to review the final order of removal.

**PETITION DENIED.**