Enrique Guzman CASTANEDA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73674.
Agency No. A93–122–910.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.[*]

Decided Jan. 13, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Enrique Guzman Castaneda, Eloy, AZ, pro se.

District Director, Immigration & Naturalization Service, Phoenix, AZ, Hillel Smith, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Enrique Guzman Castaneda, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's decision removing him from the United States because of his convictions under Cal.Penal Code § 273.5(a) and Cal. Health & Safety Code § 11550(a). We lack jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252(a)(2)(C).

Section 1252(a)(2)(C) deprives this court of jurisdiction to consider a petition for review from an alien who is removable because of a conviction for an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), or a crime relating to a controlled substance, *see id.* § 1227(a)(2)(B)(i). Guzman Castaneda's conviction for willful infliction of corporal injury on his spouse in violation of Cal.Penal Code § 273.5(a), for which he was imprisoned for one year, constitutes an "aggravated felony." *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F). Guzman Castaneda's conviction for using or being under the influence of Phencyclidine in violation of Cal. Health & Safety Code § 11550(a) constitutes a crime relating to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i). Accordingly, we dismiss the petition for review. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1064–67 (9th Cir.2003).

We also lack jurisdiction to consider Guzman Castaneda's contention that he is entitled to section 212(c) relief because he failed to exhaust this claim before the agency. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

We deny Guzman Castaneda's motion filed July 7, 2004.

PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.