Luis A. TINOCO, Petitioner,

v.

Tom RIDGE, Secretary, United States Department of Homeland Security; Bureau of Immigrations and Customs Enforcement; John Ashcroft, Attorney General, Respondents.

Nos. 04 CV 2501–DMS(JFS), 04 CV 2502–DMS(JFS), 04 CV 2523–DMS(JFS).

United States District Court, S.D. California.

March 3, 2005.

Luis A Tinoco, San Diego, CA, pro se.

US Attorney CV, U.S. Attorneys Office Southern District of California Civil Division, San Diego, CA, for respondent.

## ORDER: (1) CONFIRMING JURISDICTION; (2) DENYING PETITION-IN-PART; AND (3) ORDERING ADDITIONAL BRIEFING

SABRAW, District Judge.

The Court now considers Petitioner Luis A. Tinoco's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who brings this case *pro se*, is currently in the custody of the Department of Homeland Security ("DHS"), and has been ordered removed from the United States to his native country of Nicaragua. For the reasons discussed below, the Court confirms it has jurisdiction over this matter, denies the petition in part, and orders additional briefing on the remainder of the petition.

## I.

## BACKGROUND

According to Respondents, Petitioner is a 62 year old native citizen of Nicaragua, who illegally entered the United States in July of 1985. Since that time, Petitioner has allegedly remained in this country without lawful status.

On August 30, 2002, Petitioner was convicted in the Los Angeles County Superior Court for selling or furnishing methamphetamine, in violation of Cal. Health & Safety Code § 11379(a). Petitioner appealed his conviction, which was affirmed on January 28, 2004, by the California Court of Appeal, Second Appellate District. The California Supreme Court denied review on April 21, 2004. On January 21, 2005, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Central District of California, the Honorable Florence–Marie Cooper presiding.

The DHS initiated removal proceedings against Petitioner, based in part on the earlier State court conviction. On October 2, 2003, the DHS filed a Notice to Appear before the United States Immigration Court, charging Petitioner with several violations of the Immigration and Nationality Act ("INA"). Specifically, the DHS charged Petitioner with: (1) being unlawfully present in the United States for longer than a year, pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(I); (2) entering the United States unlawfully, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i); and (3) conviction of a controlled substance offense, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II).

In the proceedings before the Immigration Judge ("IJ"), Petitioner requested re-

lief from removal under the Convention Against Torture, 8 C.F.R. § 208.17. After a hearing on May 20, 2004, the IJ denied Petitioner's request for relief, and ordered Petitioner removed to Nicaragua. Petitioner reserved the right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 18, 2004, the BIA affirmed the IJ's order of removal.

Petitioner now claims that the BIA's decision was incorrect and must be reversed for several reasons, including the BIA's reliance on Petitioner's 2002 State court conviction in which collateral review is still pending. On December 15, 2004, Petitioner filed an application in this Court for emergency stay of deportation pending appeal, pursuant to 28 U.S.C. § 2241 (filed as Case No. 04cv2501). On December 16, 2004, Petitioner filed a second case in this Court, styled as a "Petition for Review" (filed as Case No. 04cv2502), and captioned in the "United States Court of Appeals for the Ninth Circuit." This second case originally had been assigned to the Honorable Irma E. Gonzalez, but subsequently was reassigned to this Court. The Court consolidated these actions on December 21, 2004. The Court also waived the filing fee, issued a temporary stay of deportation, and issued a briefing schedule on the merits of the Petition.

On December 17, 2004, Petitioner filed a third case in this Court, his second Section 2241 Petition (filed as Case No. 04cv2523). This case originally was assigned to the Honorable Marilyn L. Huff, but subsequently was reassigned to this Court. The Court consolidated these three actions on January 11, 2005.

Respondents filed their return to the Petition on January 14, 2005. Petitioner filed no traverse. The Court decides this matter on the papers submitted and without oral argument, pursuant to Civ. L.R. 7.1(d)(1).

## II.

## DISCUSSION

In essence, Petitioner's three consolidated cases before this Court boil down to two main contentions. First, Petitioner focuses on the constitutionality of his underlying State court conviction, and the IJ's reliance on that conviction as a basis for removal. Second, Petitioner focuses on the constitutionality of the immigration proceedings themselves.

According to Respondents, Petitioner's claims must fail for two reasons. First, Respondents insist that Petitioner may not collaterally attack the validity of his 2002 State court conviction by way of a Section 2241 immigration habeas proceeding. Second, Respondents assert that under the Immigration and Nationality Act ("INA"), direct judicial review of Petitioner's claims must occur in the court of appeals (not a district court). The Court considers these issues below.

### A. *Exhaustion Requirement of INA § 242*

■ Respondent insists this Court has no jurisdiction to consider Petitioner's claims in a habeas proceeding; Petitioner must first proceed by way of direct review before the Ninth Circuit. INA § 242 operates as the INA's direct judicial review mechanism, which places original jurisdiction of direct reviews in the federal appellate courts. Generally, where INA § 242 provides for direct review, a district court may not entertain a Section 2241 habeas challenge until after the petitioner has exhausted this avenue of relief.

In this case, however, there is an additional complicating factor: the INA's "jurisdiction-stripping" provision, 8 U.S.C. § 1252(a)(2)(C), which precludes direct judicial review of "Orders against criminal aliens" by the court of appeals. Section

1252(a)(2)(C) bars appellate courts from considering, on direct review, petitions brought by aliens who are removable by reason of having committed an aggravated felony or a controlled substance crime. Because Petitioner's deportation is based, in part, on his 2002 drug conviction, Petitioner's claims seemingly implicate this proscription on direct judicial review.[1]

As a result, before proceeding to the merits of Petitioner's challenge, the Court has two options. First, the Court could decide that immigration petitioners must always proceed by way of direct review in the court of appeals. Only after the appellate court decides that a petitioner is barred from direct review (because of Section 1252(a)(2)(C)), is Section 2241 habeas review available in the district court. In the alternative, this Court could decide that where Section 1252(a)(2)(C) clearly precludes direct judicial review in the court of appeals, and the petitioner does not challenge any of the jurisdiction-stripping facts, a district court may exercise its habeas jurisdiction in the first instance, rather than wait for the appellate court's obligatory dismissal for want of jurisdiction. The question, then, is which court should make that initial jurisdictional decision: only the court of appeals; or, under very narrow circumstances, a district court? Before resolving this specific inquiry, some background discussion may be helpful.

In immigration cases, the interaction between INA § 242 (the direct judicial review provision) and Section 2241 habeas review, has been the subject of much confusion. In 1996, Congress twice amended the judicial review provisions of the INA. The first time was in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); the second time was in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRAIRA"). The end result has been a complex and perplexing web of statutes and caselaw, which ultimately has restricted the scope of judicial review available to deported aliens.

Traditionally, aliens wishing to challenge deportation orders had two separate avenues of relief: (1) proceeding under INA § 106(a)[2]; or (2) proceeding under the general statutory habeas provision of Section 2241. *See Magana–Pizano v. I.N.S.,* 200 F.3d 603, 608 (9th Cir.1999); *Duldulao v. I.N.S.,* 90 F.3d 396, 397–98 (9th Cir. 1996). Aliens could "challenge ... their deportation under either (or both) of" these review mechanisms. *Gutierrez–Chavez v. I.N.S.,* 298 F.3d 824, 828 (9th Cir. 2002). Thus, before 1996, "there existed some statutory redundancy in the source of habeas relief available for aliens in deportation proceedings." *Id.* INA § 106(a)(10), however, had been the preferred means of review in deportation cases, because it contained "no textual

1. Respondents suggest that Petitioner challenges "whether he is an aggravated felon." (Return at 2.) This is not entirely accurate. The jurisdictional bar applies to "any alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title...." 8 U.S.C. § 1252(a)(2)(C). A Section 1182(a)(2) offense (of which Petitioner was convicted) relates to controlled substance violations; Section 1227(a)(2)(B) also relates to controlled substance offenses. On the other hand, a Section 1227(a)(2)(A)(iii)

offense relates to "aggravated felony" convictions. Thus, while the jurisdictional bar applies equally to drug offenses and aggravated felonies, Petitioner's removal was not based on a Section 1127(a)(2)(A)(iii) "aggravated felony" conviction. As such, he does not now raise "any argument concerning whether he is an aggravated felon...." (Return at 2.)

2. INA § 106(a)(10) was codified at 8 U.S.C. § 1105(a)(10), and repealed by AEDPA § 401(e), 110 Stat.1214, 1216.

boundary on claims of error that could be raised," whereas Section 2241 habeas jurisdiction exists only to remedy violations of the Constitution, federal statutes, or treaties. *See Gutierrez–Chavez*, 298 F.3d at 828 (citations omitted).

In 1996, however, Congress repealed INA § 106(a) through the passage of AEDPA. As a result, the question arose whether the INA's direct judicial review mechanism, INA § 242, was to serve as the *only* means of judicial review available to deported aliens. Put another way, with the passage of AEDPA and IIRAIRA, it appeared Congress intended to circumscribe judicial review of deportation orders to the narrow means afforded under INA § 242. If so, any type of habeas relief would have been repealed.

■ The Supreme Court allayed any such concerns in 2001, when it confirmed that the INA's 1996 amendments did not repeal the availability of Section 2241 habeas relief. *See INS v. St. Cyr*, 533 U.S. 289, 309–11, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Magana–Pizano*, 200 F.3d at 609 ("neither AEDPA nor IIRAIRA repealed statutory habeas remedies other than INA § 106(a)(10). Thus, 28 U.S.C. § 2241 remains an available remedy to those challenging executive detention."). Had this not been the case, the INA's jurisdiction-stripping provision would have meant that for those aliens who were removable because of an aggravated felony or drug crime, there would have been no available mechanism of judicial review. Our system of justice would not likely have countenanced such a result. *See* U.S. Const. art. 1 § 9, cl. 2 ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."); *St. Cyr*, 533 U.S. at 305, 121 S.Ct. 2271 ("a serious Suspension Clause issue would be presented if . . . the 1996 statutes have withdrawn [habeas corpus

review] power from federal judges and provided no adequate substitute for its exercise."). *See also* Gordon, Mailman & Yale–Loehr, *Immigration Law & Procedure* § 108.04[2][b], at 104–36 (Matthew Bender 2004) ("The immigration habeas corpus petition may be the only judicial check on the legality of the executive branch's deportation or removal decisions. Such review is the core constitutional function of habeas corpus.") (citations omitted). Consequently, even where the jurisdiction-stripping provision of Section 1252(a)(2)(C) applies, Section 2241 habeas relief remains an available option. *See St. Cyr*, 533 U.S. at 309–11, 121 S.Ct. 2271.

■ Today, when an alien challenges an order of removal, review generally begins in the federal courts of appeal, through INA § 242's direct review. *See* 8 U.S.C. §§ 1252(b)(2) & (9). In the Ninth Circuit, when direct review is available, Section 2241 habeas relief is precluded. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002). Thus, Section 2241 habeas review is deemed a sort of "last resort": ·only when *no other means* of judicial review is available is an alien permitted to file a Section 2241 habeas petition in a district court. *See Flores–Miramontes v. I.N.S.*, 212 F.3d 1133, 1143 (9th Cir.2000); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir.2004).

■■ The INA's jurisdiction-stripping provision expressly excludes from direct appellate review: "Orders against criminal aliens," including those aliens who are removable by reason of having committed certain criminal offenses (drug offenses and aggravated felonies). *See* 8 U.S.C. § 1252(a)(2)(C). However, in entertaining a challenge to an order of removal, the court of appeals is still required to determine whether the jurisdiction-stripping provision applies—whether the "alien" is "removable," based on having committed a

"crime covered by Section 1252(a)(2)(C)." *See Olivera–Garcia*, 328 F.3d 1083, 1085 (9th Cir.2003). In other words, where a petition implicates Section 1252(a)(2)(C), the court of appeals has jurisdiction only to determine whether jurisdiction exists. *See Aragon–Ayon v. I.N.S.*, 206 F.3d 847, 849 (9th Cir.2000); *Sareang Ye v. I.N.S.*, 214 F.3d 1128, 1131 (9th Cir.2000) ("because we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one. If [petitioner] did not commit an aggravated felony, we have jurisdiction, and [petitioner] wins on the merits. If [petitioner] did commit an aggravated felony, we do not have jurisdiction (and [petitioner] would lose on the merits anyway).") (internal citation omitted). This initial jurisdictional determination verifies whether all of the jurisdiction-stripping facts—that the petitioner is an "alien," who is "removable" by reason of having committed an "offense listed in Section 1252(a)(2)(C)"—are present. If so, the court of appeals has no jurisdiction, and the direct appeal must be dismissed in favor of a habeas petition to be heard by the district court. *See Calcano–Martinez v. I.N.S.*, 533 U.S. 348, 351, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) ("As petitioners in this case were convicted of 'aggravated felonies' within the meaning of the relevant statutes, the plain language of § 1252(a)(2)(C) fairly explicitly strips the courts of appeals of jurisdiction to hear their claims on petitions for direct review.").

Respondents argue that *only* the Ninth Circuit may make this initial jurisdictional determination. As such, Respondents suggest that this Court should transfer the matter to the Ninth Circuit, pursuant to 28 U.S.C. § 1631. This Court has previously acknowledged that such a transfer would be appropriate where the direct review of a petitioner's claims is *available*—as in a claim to United States citizenship under 8 U.S.C. § 1252(b)(5). *See Martinez–Pie-*

*dras v. I.N.S.*, No. 04cv1527–DMS(BLM), 2005 WL 246211 (S.D.Cal. Jan. 25, 2005) (Sabraw, J.). *See also Taniguchi*, 303 F.3d at 955; *Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir.2001). By the same logic, however, transfer would be inappropriate where direct review of a petitioner's claims was *not available*, because of the jurisdictional bar.

Under the transfer statute, 28 U.S.C. § 1631, the Court must determine whether: (1) the Ninth Circuit would have been able to exercise jurisdiction on the date the petition was filed in this Court; (2) this Court lacks jurisdiction over the case; and (3) the transfer is in the interests of justice. *See Baeta*, 273 F.3d at 1264 (citing *Castro–Cortez v. I.N.S.*, 239 F.3d 1037, 1046 (9th Cir.2001)). Thus, Section 1631 requires, among other things, that the transferee court (in this case, the Ninth Circuit) is able to hear the matter upon transfer. *See Hose v. I.N.S.*, 180 F.3d 992, 995–96 (9th Cir.1999) (en banc) ("If the transferee court lacks jurisdiction, the transfer is obviously improper.") (citation omitted). This requirement suggests that before any transfer, the transferring court must at least make a preliminary determination as to the jurisdiction of the transferee court. Here, because of the INA's jurisdictional bar on direct appellate review, it is evident that the Ninth Circuit would not be able to entertain Petitioner's claims. As Petitioner's challenge does not involve a dispute over any threshold matters—*i.e*, Petitioner does not challenge any jurisdiction-stripping facts—the Ninth Circuit has nothing to decide.

■ Direct appellate review is nonetheless deemed an "exhaustion of the available statutory remedy," which ordinarily must occur before a petitioner is allowed to bring a habeas challenge in the district court. Thus, in the usual case, where an immigration challenge originates in the

district court as a petition for habeas review, and the inquiry involves an attack on one or more of the jurisdiction-stripping facts—whether the petitioner is an "alien" who is "removable" by reason of having committed "an offense listed in § 1252(a)(2)(C)"—the district court must dismiss the petition and defer to the Ninth Circuit's jurisdictional determination on direct review. *See Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 880 (9th Cir.2003) ("Answering the question whether a petitioner was indeed convicted of an aggravated felony and/or a controlled substance offense goes to the heart of our jurisdictional determination under 8 U.S.C. § 1252(a)(2)(C).... Noriega–Lopez should therefore have raised his challenge to the INS's evidence of his conviction on direct review. We will not consider it now [on habeas review]."); *Calcano–Martinez*, 533 U.S. at 350 n. 2, 121 S.Ct. 2268 ("The scope of [§ 1252(a)(2)(C)] is not entirely clear. Though the text of the provision is quite broad, it is not without its ambiguities. Throughout this litigation, the Government has conceded that the courts of appeals have the power to hear petitions challenging the factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an alien and whether he or she has been convicted of an 'aggravated felony' within the meaning of the statute).").

Based on this Court's review of the relevant authority, however, it appears the Ninth Circuit has not squarely confronted the precise situation currently before this Court: an immigration challenge originating in the district court as a petition for habeas review, where the petitioner falls directly within Section 1252(a)(2)(C)'s jurisdictional bar, yet does not challenge any of the jurisdiction-stripping facts. Must these petitions still be dismissed in favor of direct review in the appellate court, where the certain outcome is the Ninth Circuit's dismissal for want of jurisdiction? Or,

may these petitioners forgo the futile direct review process, and proceed by way of habeas corpus in the district court?

Review of immigration cases calls for a division of labor between the federal appellate courts and the federal district courts: direct review in the appellate courts via INA § 242; and habeas review in the district courts via Section 2241. Where an immigration petitioner files his case in the district court under Section 2241, and where direct review is clearly barred by Section 1252(a)(2)(C), what would happen if the district court were to transfer the action to the Ninth Circuit? Without doubt, the result would essentially be a rubber-stamp dismissal of the claims for want of jurisdiction, because of the INA's jurisdictional bar. *See e.g., Castaneda v. Ashcroft*, 118 Fed.Appx. 319, 2005 WL 79075 (9th Cir. Jan.13, 2005); *Estrada v. Ashcroft*, 113 Fed.Appx. 280, 2004 WL 2633887 (9th Cir. Nov.18, 2004); *Benavides–Perez v. Ashcroft*, 92 Fed.Appx. 407, 2004 WL 61238 (9th Cir. Jan.13, 2004). The Ninth Circuit would explain that the only avenue of relief available to the petitioner would be a Section 2241 habeas petition, filed in the district court. *See Flores–Miramontes*, 212 F.3d at 1143. Or, the Ninth Circuit may decide to cure its lack of jurisdiction by treating the petition as a habeas petition, and transferring the matter back to the district court for consideration. *See Cruz–Aguilar v. I.N.S.*, 245 F.3d 1070, 1073–74 (9th Cir.2001). In either case, however, the petitioner would ironically find himself pursuing the precise relief that he originally sought: a Section 2241 petition in the district court. This sort of jurisdictional merry-go-round could hardly be characterized a wise use of judicial resources.

■ The Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under

§ 2241." *Castro–Cortez*, 239 F.3d at 1047 (citations omitted). This includes the "available remedy" of INA § 242 direct review. *Laing*, 370 F.3d at 997–1000. To this end, it may be argued that in every case, an immigration petitioner must first seek direct review in the court of appeals (even if hopelessly futile) to preserve the subsequent availability of a habeas challenge in a district court. Under this reasoning, every immigration case originating in a district court under Section 2241 must always be dismissed, to first allow a direct challenge under INA § 242 in the court of appeals. This would hold true even where (as here) the petitioner implicitly acknowledges that Section 1252(a)(2)(C) bars direct review in the court of appeal, and does not challenge any of the jurisdiction-stripping facts. The Court finds this approach untenable for several reasons.

■ First, unlike 28 U.S.C. § 2254(b)(1)'s clear statutory mandate of exhaustion, Section 2241's exhaustion requirement is purely a judge-made, prudential requirement, and is therefore not "jurisdictional." *See Castro–Cortez*, 239 F.3d at 1047. Thus, Section 2241's exhaustion requirement may be waived, where demanding exhaustion would be a "futile gesture." *See Laing*, 370 F.3d at 1000 (citing *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir.1981)). *Cf. Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2005) ("where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.") (citation omitted). As explained above, requiring exhaustion in this case (by dismissing the habeas petition in favor of direct review in the Ninth Circuit) would be a patently futile gesture, be-

cause: (1) Petitioner is an alien, who is removable in light of his undisputed drug offense; (2) the jurisdictional bar to direct appellate review applies to aliens who are removable by reason of having committed a drug offense; and (3) Petitioner does not challenge any jurisdiction-stripping facts. Thus, there are no threshold jurisdictional matters for the Ninth Circuit to consider. *Cf. Acevedo–Carranza v. Ashcroft*, 371 F.3d 539, 541–42 (9th Cir.2004) (finding that exhaustion would *not* have been futile, because the petitioner challenged his classification as an "aggravated felon"; thus, the appellate court was asked to decide "whether [petitioner], as a threshold matter, meets the statutory definition of an aggravated felon," which would be a jurisdiction-stripping fact).

Second, in waiving the exhaustion requirement, this Court need not be concerned that Petitioner is attempting to "hopscotch over judicial review requirements by simply waiting for them to expire." *Laing*, 370 F.3d at 999. Rather, Petitioner filed his case less than thirty days after the BIA's decision to affirm the IJ. Thus, had Petitioner filed a petition for direct review in the court of appeals, the petition would have been timely under 8 U.S.C. § 1252(b)(1). In addition, the waiver of exhaustion in this case does not "significantly prolong judicial review and reduce the efficiency of the statutory immigration scheme." *Laing*, 370 F.3d at 999. To the contrary, demanding exhaustion in this case would waste judicial resources and prolong resolution of the case by sending Petitioner back and forth between two different levels of the federal judiciary, merely to garner the Ninth Circuit's compulsory dismissal for want of jurisdiction. Petitioner would ultimately end up right where he began: seeking habeas relief in the district court.[3]

---

3. The petitioner also may end up altogether barred from any sort of meaningful judicial review. *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir.2004) (Tashima, J., dissenting

Finally, because Petitioner implicitly concedes he is an "alien," who is "removable," because he committed "a criminal offense listed in the statute," the presence or absence of a jurisdiction-stripping fact is not a "central issue." *Laing,* 370 F.3d at 999 & n. 5 (citing *Pazcoguin v. Radcliffe,* 292 F.3d 1209, 1212 (9th Cir.2002)). Petitioner's removal is premised, in part, on his underlying State court conviction for the sale of a controlled substance, in violation of Cal. Health & Safety Code § 11379(A). Based on that conviction, and pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II), Petitioner was subject to removal because he committed a violation of "any law or regulation of a State ... relating to a controlled substance." Section 1182(a)(2)(A)(i)(II). Thus, Petitioner's removal order is not reviewable under INA § 242, because 8 U.S.C. § 1252(a)(2)(C) precludes judicial review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § ] 1182(a)(2)...."

As stated throughout this Order, Petitioner does not deny that he is a native citizen of Nicaragua, who is now removable because he was convicted of a drug offense, thereby precluding direct review under Section 1252(a)(2)(C).[4] Petitioner thus concedes that he is "alien" who is "removable," by reason of having committed "a criminal offense listed in the statute." *See*

*Tapia Garcia v. I.N.S.,* 237 F.3d 1216, 1220 (10th Cir.2001); *Matsuk v. I.N.S.,* 247 F.3d 999, 1002 (9th Cir.2001) ("Because we are satisfied that [petitioner] was convicted of an aggravated felony, and he concedes that he is an alien, the threshold issues over which we retain jurisdiction to determine our own jurisdiction have been satisfied. Section 1252 divests us of jurisdiction over the substance of [petitioner's] petition, and we can proceed no further."); *Pazcoguin,* 292 F.3d at 1212 ("we retain jurisdiction to determine whether an alien in fact committed acts that would trigger" the jurisdictional bar). In other words, this case is unlike *Ye,* where "the jurisdictional question and the merits collapse into one." *Ye,* 214 F.3d at 1131.

Rather than challenge any of these jurisdiction-stripping facts, Petitioner attacks the constitutionality of the underlying State conviction itself (presumably, Petitioner makes the same arguments in support of his Section 2254 habeas petition pending in the Central District of California). Petitioner also challenges the IJ's use of this conviction as a basis for removal, because of the pending collateral review before the Central District. The INA's jurisdictional bar leaves petitioner with no "available" means of direct review. Accordingly, this type of constitutional claim must be heard by a district court in a habeas proceeding. *See Luis v. Heck,*

---

from denial of rehearing *en banc* ) ("The combined effect of the panel's novel application of issue preclusion and our prudential exhaustion requirements will all but eliminate habeas review in immigration cases. That is, an alien may not raise a claim on habeas corpus unless he or she has exhausted it in a petition for review, but the very act of exhausting the claim will generally bar habeas review under the panel's rule of issue preclusion, even though the petition for review was dismissed for lack of jurisdiction.").

4. Note that Petitioner does not dispute the *fact* of conviction itself. Accordingly, this case is unlike *Noriega–Lopez,* where the petitioner insisted he was never convicted of the underlying crime (possession of heroin for sale). 335 F.3d at 877. Because the Ninth Circuit's inquiry in *Noriega–Lopez* involved the presence or absence of a jurisdiction-stripping fact (conviction of a controlled substance crime), the inquiry necessarily fell "squarely within the scope of the jurisdiction-determining analysis that this Court has conducted on direct review." *Id.* at 879 (citation omitted).

No. 03cv0015–IEG, at 4 (S.D.Cal. Jul. 7, 2003) (Gonzalez, J.) ("[P]etitioner has also been found removable ... for a controlled substance conviction. Petitioner does not presently challenge this determination, and such a determination independently removes jurisdiction from the court of appeals on direct review.... It appears, therefore, that the Ninth Circuit would not have jurisdiction over the present case.... Accordingly, this habeas proceeding is petitioner's only remaining avenue for relief.").

Where direct appellate review is available, "an alien subject to deportation may not bypass available direct review in the court of appeal in favor of a collateral habeas attack in the district court. By the same token, if an alien raises issues that would fall outside the jurisdictional scope of a petition for review," it makes sense that he be permitted to bypass direct review and proceed by way of Section 2241 habeas in the district court. *See Soberanes v. Comfort*, 388 F.3d 1305, 1309–10 (10th Cir.2004) (citation omitted). Thus, the INA's preclusion of direct appellate review, where jurisdiction-stripping facts go unchallenged, permits the district court to consider a Section 2241 habeas petition, without first requiring direct review in the appellate court.[5] *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1064 (9th Cir. 2003) ("constitutional claims by aliens who are subject to removal as aggravated felons must be raised in the district court through habeas corpus proceedings.");

*Noriega–Lopez*, 335 F.3d at 878–79 ("Constitutional claims ... are therefore cognizable if at all on habeas, not direct review.").

Support for waiving direct review under these circumstances may be found in decisions from the Fourth, Fifth, Tenth, and Eleventh Circuits. *See Olatunji v. Ashcroft*, 387 F.3d 383, 386–88 (4th Cir.2004) ("The contrary interpretation would allow petitioners multiple opportunities to pursue their constitutional claims in the face of a jurisdiction-stripping statute that is unquestionably enacted to curtail such access to judicial review. [Petitioner] being barred from pursuing direct review in the courts of appeals ..., the district court properly exercised its jurisdiction pursuant to section 2241."); *Dragenice v. Ridge*, 389 F.3d 92, 99–100 (4th Cir.2004) ("But surely, had [petitioner] filed a petition for review from the DHS's final order of removal, we would have been required to deny that we have jurisdiction to review that order in view of the limitation contained in § 1252(a)(2)(C).... Because § 1252(a)(2)(C) denies judicial review when the alien has committed a qualifying crime, there is no other judicial forum ... and habeas review must remain available.") (internal citations omitted); *Flores–Garza v. I.N.S.*, 328 F.3d 797, 802 (5th Cir.2003) ("our inquiry into the scope of our jurisdiction must begin and end with the *undisputed* facts that [petitioner] is an alien who is removable by reason of his two marijuana convictions.... These additional and

---

**5.** Allowing this Petitioner to forgo direct review, under these narrow circumstances, would not "encourage the deliberate bypass" of the INA's direct review scheme. *See Laing*, 370 F.3d at 1000. Most important, Petitioner's claims would have been timely had petitioner first sought direct review in the court of appeals, because the petition was filed within Section 1252(b)(1)'s 30 day deadline. This fact is critical to the Court's holding. Had direct review been time-barred, the

Court could not have allowed an end-run around the limitations period by waiving direct review in favor of a timely habeas petition. In addition, because habeas review is limited to remedying violations of the Constitution, federal statutes, or treaties, *see Gutierrez–Chavez*, 298 F.3d at 828, the scope of review on direct appeal is broader—petitioners would be better served by first attempting direct review, when available.

uncontested convictions for controlled substances offenses independently trigger § 1252's jurisdiction-stripping provisions and ... make[ ] the ultimate answer to *any* § 1252(a)(2)(C) jurisdictional inquiry completely clear and final ....") (emphases in original); *Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir.2004) ("Because [petitioner] does not contest his status as an aggravated felon subject to removal, thereby admitting the jurisdictional fact that strips the court of jurisdiction to review his final order of removal [under § 1252(a)(2)(C) ], he has not failed to seek an *available* judicial remedy, and he is not procedurally barred from habeas review in the district court.") (emphasis added); *Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1262 (11th Cir.2003) ("[T]here has been no dispute that [petitioner] had been convicted of an aggravated felony.... There can [therefore] be no doubt that the removal order ... was an order which Congress intended to shield from judicial review."). The Court also finds support in two district court cases from this circuit. *See Alvarenga–Villalobos v. Reno*, 133 F.Supp.2d 1164, 1166 (N.D.Cal.2000); *Garcia–Guzman v. Reno*, 65 F.Supp.2d 1077, 1083 n. 2 (N.D.Cal.1999) (concluding that habeas review is available because "there is no question in this case that petitioner's underlying offenses fall within the scope of § 1252(a)(2)(C)."). With this, the Court now turns to the merits of the petition.

## B. *Merits of Petitioner's Attack on State Court Conviction*

Because of the INA's jurisdictional bar, no direct review is "available" to petitioner in the Ninth Circuit. The Court has therefore concluded that it may waive this exhaustion requirement, and consider Petitioner's attack on his State court conviction in this habeas proceeding. However, this does not get Petitioner very far.

■■■ Essentially, Petitioner looks to collaterally challenge the validity of his State court drug conviction, and the IJ's reliance on that conviction as a basis for removal. According to Respondents, collateral attacks on a State conviction may only be raised in the context of a Section 2254 habeas challenge to the conviction itself. *See* 28 U.S.C. § 2254 (providing a federal remedy for prisoners in custody pursuant to the judgment of a State court). As such, an immigration petitioner may not dispute the constitutional validity of a State court's conviction or sentence in the context of a Section 2241 immigration habeas proceeding. *See Contreras v. Schiltgen*, 151 F.3d 906, 908 (9th Cir.1998) (*Contreras II* ). *Cf. Custis v. U.S.*, 511 U.S. 485, 491–93, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (restricting collateral review of prior convictions used to enhance federal criminal sentences).

*Contreras II* limits the ability of an immigration petitioner to collaterally attack a prior conviction used as a basis for his removal. Specifically, the Ninth Circuit held: "when a habeas petition attacks the use of a prior conviction as a basis for INS custody, *and the prior sentence has expired,* federal habeas review is limited." 151 F.3d at 908 (emphasis added). *See also Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir.2004) ("we hold that a petitioner cannot collaterally attack an *expired* state court conviction under § 2241.") (emphasis added).

Here, however, Petitioner's prior State court sentence has not yet *expired.* On October 4, 2002, Petitioner was sentenced to two separate two-year prison terms for two separate violations of Cal. Health & Safety Code § 11379(A), to be served consecutively. (Return, Ex. 5.) In addition, the State court imposed an additional three-year enhancement, pursuant to Cal. Health & Safety Code § 11370.4(B). (Return, Ex. 5.) Accordingly, Petitioner's ag-

gregate sentence of five years will not expire until October 4, 2007.

■ Because Petitioner's underlying State-court sentence is technically still pending, Petitioner has the right to collaterally attack the conviction pursuant to Section 2254. To this end, Petitioner has recently initiated Section 2254 habeas proceedings before Judge Cooper in the Central District of California. Nonetheless, it is well-settled that a criminal conviction becomes "final" for purposes of immigration review when the alien has exhausted *direct* appellate review of that conviction. *See Urbina–Mauricio v. I.N.S.,* 989 F.2d 1085, 1089 (9th Cir.1993); *Olivera–Garcia v. I.N.S.,* 328 F.3d 1083, 1086 (9th Cir. 2003) ("We decline to go behind the criminal judgment and recast the basis upon which that conviction rests."). Here, the California Supreme Court denied Petitioner's application for direct review—making the State drug conviction "final" for immigration purposes—on April 21, 2004. Thus, the IJ's ruling of May 20, 2004, was based on a "final" State conviction.

Therefore, in this Section 2241 immigration case, Petitioner may not collaterally attack the validity of a prior State conviction, even where that conviction serves as a basis for removal. Such challenges are reserved for habeas petitions focused on the State proceedings themselves, brought pursuant to 28 U.S.C. § 2254. Further, because the 2002 State conviction is now "final" for immigration purposes, Petitioner may not dispute the IJ's reliance on that conviction as a basis for Petitioner's removal. *See Ortega de Robles v. I.N.S.,* 58 F.3d 1355, 1358 (9th Cir.1995) (citation omitted). For these reasons, the petition is DENIED as to this ground.

## C. *Merits of Challenge to Immigration Proceedings*

Petitioner also focuses on the immigration proceedings themselves. Petitioner claims the hearing was fundamentally unfair because he was not represented by counsel and he was not familiar with the English language or the United States' legal system. In addition, Petitioner argues he was eligible for relief from deportation, including cancellation of removal, voluntary departure, or asylum under the Convention Against Torture. Petitioner also complains that the IJ "failed to consider the interests at stake for the individual, the risk of an erroneous deprivation of his interests through the used [sic] procedures, as well as the probable value of different or additional procedural safeguards." (Petition for Review [Case No. 04cv2502], at ¶ 6.)

These issues have not been addressed by Respondents. Accordingly, the Court will defer ruling on the merits of this claim until both parties have had an opportunity to advance their respective legal positions.

## III.

## CONCLUSION AND ORDER

In this Section 2241 habeas proceeding, Petitioner attacks the validity of his underlying State conviction, the IJ's use of that conviction as a basis for deportation, and the constitutionality of the immigration proceedings themselves. The INA precludes direct appellate review of cases involving the removal of drug offenders. Because this jurisdictional bar applies to the instant petition, and because Petitioner does not challenge any facts that would divest the appellate court of jurisdiction, the Court hereby waives the ordinary requirement that an immigration petitioner must exhaust direct review in the court of appeals before filing a habeas petition in the district court.

Turning to the merits, Petitioner may not collaterally attack the validity of his State conviction in this immigration pro-

ceeding. A State conviction is deemed "final" for immigration purposes once direct review has been exhausted in the State courts. Because the California Supreme Court denied Petitioner's application for direct review prior to the immigration proceedings, the IJ relied on this "final" State conviction as a proper basis for Petitioner's removal.

For these reasons, the Court confirms that habeas jurisdiction exists in this Court, and the Court may therefore consider the merits of the petition. To the extent Petitioner attacks his underlying State conviction, and the IJ's use of that conviction as a basis for deportation, the petition is hereby **DENIED.** As to the balance of the petition (constitutional challenge to the immigration proceedings), the parties shall advance their respective legal positions in supplemental briefs. Such briefs shall be limited to ten pages in length, and shall be filed and served on or before *April 8, 2005.* Any briefs in reply shall be limited to five pages in length, and shall be filed and served on or before *April 22, 2005.* The matter will be deemed under submission at that time.

**IT IS SO ORDERED.**