Trevor A. LAING, Petitioner–Appellant,

v.

John ASHCROFT, Attorney General, Respondent–Appellee.

No. 03–56158.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 31, 2004.

Filed June 7, 2004.

Carla A. Ford, Assistant United States Attorney, Los Angeles, CA, for the respondents-appellees.

R. Wayne McMillan, Pasadena, CA, for the petitioner-appellant.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

CALLAHAN, Circuit Judge.

Trevor Arthur Laing, a native of Jamaica, appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the district court erred in finding that Laing had exhausted his judicial remedies and in determining that exhaustion would be futile, we remand to the district court to vacate its order denying the writ and to dismiss the petition.

## I. Factual and Procedural Background

On February 19, 1997, Laing pleaded guilty to count 1 of an information, which charged him with "conspiracy to SALE/TRANSPORT/POSSESS MARIJUANA FOR SALE, in violation of Section 11360/11359 of the HEALTH AND SAFETY Code, a felony." Based on his plea, he was convicted on April 18, 1997, of violating California Penal Code § 182, which prohibits two or more people from conspiring to commit any crime,[1] and received a 16-month prison sentence.

Laing's criminal conviction prompted the Immigration and Naturalization Service (INS) to initiate removal proceedings by serving Laing with a "Notice to Appear," dated October 31, 1997. On June 4, 1998, Laing filed an application for cancellation of removal under 8 U.S.C. § 1229b.[2] The case was heard by an immigration judge ("IJ"), who denied Laing's petition because

---

**1.** California Penal Code § 182 provides that when co-conspirators "conspire to commit any other felony, they shall be punishable in the same manner and to the same extent as provided for the punishment of that felony."

**2.** Cancellation of removal is discretionary relief that the Attorney General may grant to

aliens who are lawful permanent residents who have been lawfully admitted for permanent residence for not less than five years, have resided in the United States continuously for not less than seven years, and are not aggravated felons. 8 U.S.C. § 1229b(a).

Laing was found to be ineligible for relief as an aggravated felon and a state drug offender. *See* 8 U.S.C. § 1227(a)(2). On July 1, 1998, Laing appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on September 29, 2000, the BIA affirmed the IJ's decision.

Laing petitioned this court for review, and we dismissed his petition on February 16, 2001, for lack of jurisdiction under § 309(c)(4)(C) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), as amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), because it had been filed late and was untimely. On July 11, 2001, Laing submitted a motion to the BIA to reopen his case and to grant an emergency stay of removal, which the BIA denied on December 10, 2001. Laing did not seek review of the BIA's December 10, 2001, order in this court.

On July 12, 2002, Laing filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court. The case was reviewed by a magistrate judge. On the magistrate judge's recommendation, the district court denied Laing's habeas petition on May 29, 2003, because he was found to be removable as an aggravated felon.

---

**3.** Although the IJ also found Laing removable as a person convicted of a state drug offense, this ground of removability was not reviewed by the district court.

**4.** Laing contends that he was not required to exhaust his judicial remedies before seeking habeas review. He argues that two recent Supreme Court decisions establish that the availability of direct review to aliens does not eliminate the right to file a habeas petition. In *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that IIRIRA does not repeal general habeas jurisdiction under § 2241. In the companion case of *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), the Supreme Court elaborated

Laing now appeals the district court's denial of his habeas petition. Laing contends the district court erred in finding him to be removable as an aggravated felon.[3] The government argues, however, that the district court erred in reviewing Laing's habeas petition on its merits because he failed to exhaust available judicial remedies. We agree with the government.

## II. Analysis

### A. Exhaustion of Remedies

■ Section 2241, the statute under which Laing filed his habeas petition, "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001). Nonetheless, "we require, as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241." *Id.*[4]

■ Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (citation and internal quotation

that habeas review was available to petitioners challenging their status as aggravated felons. Our sister circuits have also held that habeas review is available to non-criminal aliens, notwithstanding the fact that they have access to direct review. *See Liu v. INS*, 293 F.3d 36 (2d Cir.2002); *Chmakov v. Blackman*, 266 F.3d 210 (3d Cir.2001). These cases, however, did not decide the question of whether the exhaustion doctrine requires aliens to exhaust available remedies before seeking habeas review. Accordingly, this court's requirement that an alien exhaust his or her judicial remedies before filing a habeas petition is consistent with both Supreme Court and inter-circuit precedent. *Castro–Cortez v. INS*, 239 F.3d at 1047.

marks omitted). Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement. *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir.1991); *Stratman v. Watt,* 656 F.2d 1321, 1325–26 (9th Cir.1981).

■ Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered. *Castro–Cortez v. INS,* 239 F.3d at 1047 ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."); *Murillo v. Mathews,* 588 F.2d 759, 762, n. 8 (9th Cir.1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.") (alteration, citation, and internal quotation marks omitted). Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived. *Montgomery v. Rumsfeld,* 572 F.2d 250, 254, n. 4 (9th Cir.1978).

### B. Satisfaction of the Exhaustion Requirement

■ In the magistrate judge's report and recommendation, which was adopted by the district court, the judge found that Laing exhausted his judicial remedies through his initial untimely appeal to this court. In the alternative, the judge found that the district court had discretion to waive the exhaustion requirement as futile because "the court of appeals lacks jurisdiction to consider constitutional and statutory issues raised by an alien seeking review of an order of removal."

On appeal, Laing contends that the district court correctly determined that he had exhausted his judicial remedies. Laing argues that because his petition for review was dismissed as untimely by this court, his habeas petition was his only remaining path of judicial review. We reject Laing's argument that the filing of an untimely petition for review constitutes exhaustion of judicial remedies.

This court has previously rejected Laing's argument in the context of the exhaustion of administrative remedies. We held that a litigant's failure to seek timely administrative relief did not constitute exhaustion of administrative remedies and accordingly the court lacked jurisdiction. *Stock West Corp. v. Lujan,* 982 F.2d 1389, 1394 (9th Cir.1993) ("Unless we limit the scope of Stock West's case as it presently stands, any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court."). There, we reasoned that exhaustion may not be achieved through a litigant's procedural default of his or her available remedies. We find this reasoning persuasive when applied to the exhaustion of judicial remedies. Thus, we hold that the untimely filing of a petition to review a decision by the BIA does not constitute the exhaustion of judicial remedies.

### C. Waiver of the Exhaustion Requirement

■ Laing contends that if he did not exhaust his remedies, the district court had discretion to waive the exhaustion requirement. Laing argues that IIRIRA bars us from reviewing his removal order, and we would have dismissed his petition for lack of jurisdiction. He argues, accordingly, that the district court properly waived the exhaustion requirement be-

cause it would have been futile to seek review before this court.

The jurisdiction of the federal appellate courts to review removal orders was substantially restricted by IIRIRA. Under IIRIRA, removal procedures were streamlined, in part, by restricting judicial review of orders of removal of aliens convicted of certain enumerated crimes. 8 U.S.C. § 1252(a)(2)(C); *Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir.2001); *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000); *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1212 (9th Cir.2002). These enumerated crimes include aggravated felonies and state drug offenses. 8 U.S.C. § 1252(a)(2)(C).

■ Although IIRIRA substantially strips the federal appellate courts of the ability to review removal orders, we retain jurisdiction to determine our jurisdiction. *Ye*, 214 F.3d at 1131. Thus, we can review whether an alien meets the threshold definition of being removable "by reason of having been convicted of one of the enumerated offenses." *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (citation and quotation marks omitted); *see also Ye*, 214 F.3d at 1131 (holding that "[to the extent that] we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one") (citation omitted). Thus, this court would have had jurisdiction over Laing's petition for review concerning his status as an aggravated felon if the petition had been timely filed.[5] Laing's filing

of a timely petition for review by this court would therefore not have been futile.

### D. Consequences of Failure to Exhaust

We now remand to the district court because that court erred in finding that Laing had exhausted his judicial remedies and that exhaustion was futile. To allow a party to hopscotch over judicial review requirements by simply waiting for them to expire would eviscerate the exhaustion doctrine. Under the applicable law, a person aggrieved by a decision of the BIA has 30 days in which to seek review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(2)(C).

The scheme proffered by Laing would allow a person to ignore the 30–day deadline set by 8 U.S.C. § 1252(a)(2)(C), and file a habeas petition in a district court within a year of the BIA's decision. 28 U.S.C. § 2244. Furthermore, once the district court denied the habeas petition, the person presumably would have a right to appeal to the appropriate court of appeals. This would significantly prolong judicial review and reduce the efficiency of the statutory immigration scheme.

■ In setting swift deadlines for judicial review in the immigration context, Congress intended to expedite the removal of criminal aliens. *United States v. Hernandez–Vermudez*, 356 F.3d 1011, 1014 (9th Cir.2004) ("There simply is no denying that in enacting … the Illegal Immigration Reform and Immigrant Re-

---

5. During oral argument, Laing's attorney argued that even if this court could have reviewed Laing's status as an aggravated felon, we were barred from reviewing Laing's status as a state drug offender. He argued that Laing should be excused from the exhaustion requirement because it would have been futile for him to have appealed both issues before this court. Counsel is incorrect. We would have also retained jurisdiction to review Laing's argument concerning his status as a

state drug offender. *Pazcoguin*, 292 F.3d at 1212 ("We have repeatedly held that we retain jurisdiction to determine whether an alien in fact committed acts that would trigger [the INA's jurisdictional bar for controlled substance offenders.]. Because the central issue here is whether Pazcoguin in fact admitted to committing the essential elements of a controlled substance violation, we have jurisdiction.").

sponsibility Act of 1996 (IIRIRA), Congress intended to expedite the removal of criminal aliens.") (footnote omitted). Allowing such aliens to forego direct review and instead seek habeas relief in a district court would delay what was intended to be a streamlined procedure.

■ In the analogous context of the prudential exhaustion of administrative remedies, the issue of whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme" is a key consideration. *Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir. 1990). Here, too, waiver of the exhaustion requirement would permit aliens to bypass the deadlines and pathways of judicial review prescribed by the INA by converting time-barred petitions to the courts of appeals into habeas petitions. *See* 8 U.S.C. § 1252(a)(2)(C). Indeed, the district court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available. *Barahona–Gomez v. Reno,* 167 F.3d 1228, 1239 (9th Cir.1999). In Laing's case, a judicial remedy would have been available if he had timely filed his petition for review before this court.

Our remand is consistent with, if not compelled by, *Noriega–Lopez,* 335 F.3d 874, 879 (9th Cir.2003). In that case, this court held that habeas review of a petitioner's aggravated felon status was inappropriate because he had failed to exhaust his judicial remedies. Noriega–Lopez first filed a petition for direct review with this court. After the court ordered him to show cause why his petition should not be dismissed, Noriega–Lopez moved for voluntary dismissal.

We granted his dismissal motion, and he subsequently filed a habeas corpus petition with the district court. The district court denied Noriega–Lopez's habeas corpus petition, holding, in part, that he should not be allowed to dispute his aggravated felon status in his habeas corpus petition because this issue should have been raised before this court. *Id.* at 877. We agreed. *Id.* at 880 ("Answering the question whether a petitioner was indeed convicted of an aggravated felony and/or a controlled substance offense goes to the heart of our jurisdictional determination under 8 U.S.C. § 1252(a)(2)(C).... Noriega–Lopez should therefore have raised his challenge to the INS's evidence of his conviction on direct review.... The district court's denial of relief to Noriega–Lopez ... was correct.").

Similarly, in *Toma v. Turnage,* 825 F.2d 1400 (9th Cir.1987), we overturned a writ of habeas granted by a district court on an issue that could have been, but was not, previously raised before this court. As was later explained in *Nakaranurack v. United States,* 68 F.3d 290, 294 (9th Cir. 1995) (*Nakaranurack I* ), "[i]mplicit in our holding was the requirement that an alien may petition for habeas review of a deportation order *only* if the issues raised concerning the validity of that deportation order had not and could not have been determined in a prior judicial proceeding." (citing *Toma,* 825 F.2d at 1402–03).

We do not hold that the exhaustion requirement can never be waived. In *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981), we noted that "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *See also Beharry v. Ashcroft,* 329 F.3d 51, 62 (2nd Cir.2003) ("Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may

occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.") (internal quotation marks omitted). Similar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies.

In *Nakaranurack I*, this court held that a district court should have waived the exhaustion requirement and exercised habeas jurisdiction in spite of an alien's untimely appeal to this court. *Nakaranurack I*, 68 F.3d at 292. We held that waiver was appropriate because it was unfair to impute the negligence of the alien's attorney in filing an untimely petition for review to the alien himself.[6] *Id.* at 294. In Laing's case, however, there was no indication of any extenuating circumstances that could have excused the untimeliness.

This Circuit has also found waiver in cases where petitioners were challenging issues other than the BIA's ruling on removability. *Marquez v. INS*, 346 F.3d 892 (9th Cir.2003); *Ali v. Ashcroft*, 346 F.3d 873 (2003). For example, in *Marquez*, this court held that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability. In that instance, Marquez's claim was clearly distinct from the issue of removal decided by the BIA and that was reviewable by this court in a petition for review. Similarly, in *Ali*, this court held that statutory and prudential exhaustion requirements did not bar aliens from filing a habeas petition. In that case, the petitioners sought an injunction to prevent their removal to Somalia when that country lacked a functioning government to accept them upon their return. This court reasoned that the statutory exhaustion requirement did not apply because the aliens were not challenging their removability, but were questioning whether the government had authority to remove them to a country that would not accept them. We also held that prudential exhaustion was waived, in part, because it would be futile to require petitioners to exhaust administrative remedies when the government's position was set. *Id.* at 878.

Here, however, we find no indication in the record, or the briefs, of any reason to waive the exhaustion requirement. Laing offered no evidence excusing the untimeliness of his petition for review to this court. Laing's habeas corpus petition did not raise any claims other than those that could have been considered by this court on a petition for review. Nor does his petition challenge an issue other than the BIA's ruling regarding his status as an aggravated felon. We therefore hold that a remand for dismissal is required.

## III. Conclusion

The district court erred in determining that Laing had exhausted his judicial remedies and that a petition for review to this court would have been futile. Accordingly, we remand to the district court to vacate the order denying the writ and to dismiss the petition.[7]

**REVERSED AND REMANDED.**

6. Although *Nakaranurack I* was subsequently determined "of no moment" by this court, the underlying reasoning requiring judicial exhaustion in most cases was not called into question. *See Nakaranurack v. United States*, 231 F.3d 568, 572 (9th Cir.2000).

7. Because we hold that the district court erred in reviewing Laing's habeas petition, we

do not address whether the court correctly determined that Laing was removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii).