# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAMON GAMA PUGA,
            *Petitioner-Appellant,*

            v.

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security;
NANCY ALCANTAR, Field Office
Director, Immigration and
Customs Enforcement; ALBERTO R.
GONZALES, Attorney General,
            *Respondents-Appellees.*

No. 05-16902

D.C. No.
CV-05-03607-JF

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted
February 12, 2007—San Francisco, California

Filed May 24, 2007

Before: J. Clifford Wallace, Dorothy W. Nelson, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

6205

## COUNSEL

James Todd Bennett, El Cerrito, California, for the petitioner-appellant.

Edward A. Olsen, United States Department of Justice, United States Attorney's Office, San Francisco, California; Papu Sandhu, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondents-appellees.

## OPINION

McKEOWN, Circuit Judge:

Ramon Gama Puga, a native and citizen of Mexico, appeals the district court's dismissal of his habeas petition for lack of jurisdiction under the REAL ID Act, Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310-11 (May 11, 2005). The district court held that the Act "designates [a] petition for review in the appellate courts as the sole means for challenging a final order of removal, and Gama Puga has not demonstrated that this remedy is inadequate or ineffective." Gama Puga argues that he suffered ineffective assistance of counsel before and during the removal proceedings in violation of his Fifth Amendment due process rights, and that to the extent § 106(a) of the REAL ID Act precludes habeas review of his claim, § 106(a) is unconstitutional.

Although Gama Puga raises an important jurisdictional question about the effect of the REAL ID Act on district courts' habeas jurisdiction over ineffective assistance of counsel claims brought by alien petitioners, we need not reach that issue here. Instead, we affirm the district court on the grounds that Gama Puga failed to exhaust the administrative remedies that were available to him, and thus his claim was not properly before the district court. *See Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005) ("We may affirm the district court on any basis supported by the record."); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1193-94 (2007) (holding that a federal court may dismiss an action

on the basis of a threshold, nonmerits issue without first definitively determining whether it has jurisdiction over the case).

## BACKGROUND

In 1990, Gama Puga entered the United States at the age of sixteen. He is married and has five U.S. citizen children. In 2001, Gama Puga's first lawyer advised him to file an asylum application for the sole purpose of triggering a removal proceeding, at which point Gama Puga could apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1] In executing this ultimately unsuccessful plan, Gama Puga's first lawyer filed a bare-bones asylum application on behalf of Gama Puga that simply stated, "[i]f I were to return to Mexico, I would not be able to survive there." The lawyer did not file any supporting documents with the asylum application.

After his asylum interview, Gama Puga was placed in a

---

[1]Section 1229b(b)(1) states:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

(A)   has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B)   has been a person of good moral character during such period;

(C)   has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D)   establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

removal proceeding. During a hearing before the Immigration Judge ("IJ"), Gama Puga withdrew his asylum application and applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ found that Gama Puga's removal would not result in "exceptional and extremely unusual hardship" to his U.S. citizen children and denied relief. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion in a streamlined decision. On October 8, 2004, Gama Puga filed a petition for review with this court through his second and current lawyer. We denied Gama Puga's petition for review, holding that we lacked jurisdiction to review denials of discretionary relief. *Gama Puga v. Gonzales*, No. 04-75111 (June 20, 2005).

On September 7, 2005, after the enactment of the REAL ID Act (May 11, 2005), Gama Puga filed a habeas petition with the district court, alleging that his first lawyer provided ineffective assistance. On the same day, Gama Puga also filed a motion for an emergency stay of removal. The district court dismissed Gama Puga's habeas petition for lack of jurisdiction under the REAL ID Act and denied his motion for a stay of removal. On the day Gama Puga was scheduled to be removed, he filed an emergency motion for a stay of removal with this court. We granted a temporary stay of removal, but the order was subsequently vacated.

On November 17, 2005, Gama Puga was removed to Mexico. He now appeals the district court's denial of his habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We retain jurisdiction over a removed alien's habeas petition where, as here, the petition was filed before the removal and there are collateral consequences arising from the removal.[2] *See Zegarra-Gomez v. INS*, 314 F.3d 1124, 1126-27 (9th Cir. 2003); *Handa v. Clark*, 401 F.3d 1129, 1132 (9th Cir. 2005).

---

[2]Gama Puga now faces a five-year bar against lawful reentry under 8 U.S.C. § 1182(a)(9)(A)(i).

## ANALYSIS

**[1]** The Immigration and Nationality Act contains a statutorily-mandated administrative exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *see also Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004) (holding that § 1252(d)(1) applies not only to petitioners on direct review, but also to habeas petitioners). Here, a motion to reopen was the only remedy available to Gama Puga to bring his ineffective assistance of counsel claim, and we have held that a motion to reopen is not an administrative remedy as of right. *See Castillo-Villagra v. INS*, 972 F.2d 1017, 1023 (9th Cir. 1992). Thus, § 1252(d)(1) does not apply in this case.

**[2]** Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) ("Aside from statutory exhaustion requirements, courts may prudentially require habeas petitioners to exhaust administrative remedies."). As noted in *Laing v. Ashcroft*, "[i]f exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." 370 F.3d 994, 997 (9th Cir. 2004). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 126 S. Ct. 2422, 2427 & n.5 (2006).

**[3]** Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez*, 335 F.3d

at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)). The first and second factors are particularly salient in this case and weigh in favor of requiring prudential exhaustion.

**[4]** Gama Puga contends that his former counsel provided ineffective assistance primarily in two respects: the lawyer filed a frivolous asylum application for the sole purpose of triggering a removal proceeding, and she failed to advise Gama Puga of his ineligibility for relief under 8 U.S.C. § 1229b(b)(1). Both of these claims relate to attorney conduct that occurred prior to and during the removal proceeding, making the BIA the appropriate body to first pass on the claims in order to generate a proper record for review. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("[T]he BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process.").

**[5]** Permitting Gama Puga to present his ineffective assistance of counsel claim for the first time before the district court would allow him to bypass the administrative scheme that is in place to deal with claims such as Gama Puga's. "A motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of counsel claim before the BIA." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir. 2000); *see also Liu*, 55 F.3d at 426 ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims"); *Arreaza-Cruz v. INS*, 39 F.3d 909, 912 (9th Cir. 1994); *Roque-Carranza v. INS*, 778 F.2d 1373, 1373-74 (9th Cir. 1985).

**[6]** In addition, "[b]efore making an ineffective assistance of counsel claim, an alien generally must comply with procedural requirements established by the BIA in *Matter of*

*Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and adopted by this court." *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003). In *Lozada*, the BIA held that an alien alleging ineffective assistance of counsel must: (1) submit an affidavit explaining in detail the agreement that was entered into with prior counsel regarding legal representation, (2) submit evidence that he has informed prior counsel of the allegations of ineffective assistance and provided the attorney with an opportunity to respond, and (3) if violation of ethical or legal responsibilities is alleged, file a complaint with proper disciplinary authorities or explain why such a complaint has not been filed. 19 I. & N. Dec. at 639.

**[7]** In some cases, we have not required strict compliance with *Lozada* requirements, especially when the record shows "a clear and obvious case of ineffective assistance." *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002); *see also Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (noting that "the requirements of *Lozada* . . . need not be rigidly enforced" when "an adequate factual basis exists in the record for an ineffectiveness complaint and . . . the complaint is a legitimate and substantial one"). Although the first lawyer may have been ill-informed and the consequences of her representation for Gama Puga dire, we previously held that this type of lawyering does not necessarily amount to a due process violation. *See Lara-Torres v. Gonzales*, 383 F.3d 968, 973-76 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir. 2005); *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 975-76 (9th Cir. 2006).

**[8]** The record here is unclear as to which elements of *Lozada*, if any, Gama Puga has satisfied. In the absence of a developed record on this point, we cannot conclude that this bare-bones record demonstrates a "clear and obvious case of ineffective assistance." *Rodriguez-Lariz*, 282 F.3d at 1227. Consequently, because Gama Puga could, and should have, exhausted his ineffective assistance of counsel claim by filing

a timely motion to reopen with the BIA when he retained new counsel, his habeas petition was not properly before the district court.

**AFFIRMED.**