FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KHALID ME AL-MOUSA,
                         *Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,
                         *Respondent.*

No. 06-70638

Agency No.
A79-378-238

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 5, 2007—San Francisco, California

Filed March 5, 2008

Before: Betty B. Fletcher, William C. Canby, Jr., and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge B. Fletcher;
Dissent by Judge Rawlinson

## COUNSEL

Robert B. Jobe (argued) and Fatma Marouf, Law Office of Robert B. Jobe, San Francisco, California, for the petitioner.

Peter Keisler, Assistant Attorney General; David V. Bernal, Assistant Director, and Collette J. Winston (argued), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

B. FLETCHER, Circuit Judge:

Khalid Al-Mousa, native of Sudan and citizen of Saudi Arabia, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing the appeal from the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Al-Mousa asserted past persecution and a fear of future persecution in Saudi Arabia on account of his ethnicity or dark skin color. The BIA affirmed the IJ's findings that Al-Mousa's asylum application was time-barred, and that he failed to establish a credible claim for relief. Al-Mousa appeals, claiming he is excused from the one-year bar

because he was a minor and that the IJ's adverse credibility finding is unsupported by substantial evidence.

**[1]** The REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), provides this court jurisdiction to review constitutional claims and questions of law related to a final order of removal. Al-Mousa was under twenty-one years old when he filed his application for asylum. Immigration and Nationality Act regulations do not define whether individuals under twenty-one years of age are "minors" under 8 C.F.R. § 1208.4(a)(5)(ii) and the BIA did not address the issue. Where the BIA has not yet considered an issue, the proper course is to remand to allow the BIA to consider the issue in the first instance. *INS. v. Ventura*, 537 U.S. 12 (2002). Accordingly, we issue a limited remand to the BIA to consider whether, as a matter of law, individuals under twenty-one years of age are minors under 8 C.F.R. § 1208.4(a)(5)(ii).

**[2]** Notably, Al-Mousa failed to argue exception from timely filing requirements on the basis of his status as a minor in the asylum application itself, before the IJ, or in his pro se BIA appeal. Generally, when a petitioner fails to exhaust his claim, the issue is waived. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("Before a petitioner can raise an argument on appeal the petitioner must first raise it before the BIA or the IJ.") (citing 8 U.S.C. §1252(d)). This lack of exhaustion ordinarily precludes even review of the question of law presented in Al-Mousa's appeal because we lack jurisdiction to review a determination regarding timeliness of an asylum application made under 8 U.S.C. § 1158(a)(2).

**[3]** However, we have previously recognized a number of exceptions to the general rule requiring exhaustion. *See, e.g. Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (listing exceptions such as "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.") The law treats

minors differently from adults in many ways: their capacities, disabilities, privileges, and liabilities in connection with contracts, torts, the protection of person and property, and actions. *See generally* 42 *Am. Jur.* 2d Infants; *see also* Restatement (Second) of Contracts § 7 cmt. b (1979); *S. Cal. Edison Co. v. Hurley*, 202 F.2d 257 (9th Cir. 1953) (a minor's contracts or conveyances are voidable). Further, the law requires that an action on behalf of a minor must be brought either by his guardian or a next friend. 5 Williston on Contracts § 9:25 (4th ed. 1998); *see also Pae v. Stevens*, 256 F.2d 208, (9th Cir. 1958) (holding that common law does not "place the burden upon the minor to personally intervene in court proceedings.") The BIA has not addressed whether a petitioner's status as a minor may also forgive his or her failure to exhaust a claim.

**[4]** If the agency determines Al-Mousa was a minor at the time of his application, this disability may provide an exception, also forgiving failure to exhaust his claim. Accordingly, we further direct the BIA to address on remand the question whether, if a petitioner under age twenty-one is viewed as a minor, petitioner's status as a minor may also forgive his or her failure to exhaust a claim.

We decline to address at this time the propriety of the adverse credibility finding.

**REMANDED**.

---

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from the majority's remand of this case to the Board of Immigration Appeals "to consider whether, as a matter of law, individuals under twenty-one years of age are minors under 8 C.F.R. § 1208.4(a)(5)(ii)."

The reason for my dissent is simple. We have no jurisdiction to address the issue of whether individuals under the age of twenty-one are minors because that issue was not exhausted by Petitioner Khalid Al-Mousa. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) ("The petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this Court of jurisdiction.") (citation omitted). Although the majority disposition acknowledges the exhaustion requirement and the fact that the issue was not raised "in the asylum application itself, before the IJ, or in his pro se BIA appeal," the disposition seeks to skirt the exhaustion requirement by rationalizing that "if the agency determines Al-Mousa was a minor at the time of his application, this disability may provide an exception, also forgiving failure to exhaust his claim." Absolutely no supporting authority is cited to bolster this novel attempt to bootstrap us into jurisdiction over an unexhausted issue.

Because we have no jurisdiction over the issue of Al-Mousa's purported minority, I would deny the petition because the Immigration Judge's adverse credibility determination was supported by substantial evidence.