MEMORANDUM **
Jose Luis Tapia-Fierro (“Tapia-Fierro”) appeals the dismissal of his habeas corpus petition. He concedes that the district court properly dismissed most of the claims raised in his habeas petition pursuant to the REAL ID Act. See 8 U.S.C. § 1252(a)(5). Tapia-Fierro argues that one limited claim survives, however, because it is not actually a challenge to a final order of removal: whether his waiver of the right to appeal in his deportation proceeding was knowingly and intelligently made. In light of our decision in Singh v. Gonzales, 499 F.3d 969 (9th Cir.2007), which was decided subsequent to the dis *363 trict court’s ruling in this case, we agree with Tapia-Fierro and reverse and remand for further proceedings.
Although Singh involved a claim of ineffective assistance of counsel (“IAC”), the rationale of the opinion — which distinguishes between actual challenges to removal orders and challenges that arise independently — applies equally to this ease:
the claimed injury that Singh suffered as a result [of the IAC] was the deprivation of an opportunity for direct review of the order of removal in the court of appeals. Thus, even assuming the district court permits Singh’s habeas petition to proceed and determines that Lawyer 2 provided ineffective assistance in failing to file a timely appeal, Singh’s only remedy would be the restarting of the thirty-day period for the filing of a petition for review with this court. In other words, a successful habeas petition in this case will lead to nothing more than “a day in court” for Singh, which is consistent with Congressional intent underlying the REAL ID Act. For these reasons, Singh’s second IAC claim cannot be construed as seeking judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal.
499 F.3d at 979 (internal citation omitted) (emphasis added).
Similarly, Tapia-Fierro claims the Immigration Judge (“IJ”) failed to adequately inform him of his right to appeal and the consequences of waiving that right. Thus, his alleged injury is essentially the same as Singh’s: Tapia-Fierro also suffered the deprivation of an opportunity for direct review in the court of appeals. If successful in district court on this claim,[1] Tapia-Fierro states that he, like Singh, seeks only to have the government reenter the removal order and restart the thirty-day appeal period, thereby allowing him his “day in court.”
The government’s attempts to distinguish Singh are thus unavailing. Indeed, most of the government’s arguments in favor of upholding the district court’s decision were explicitly considered and rejected in Singh. See id. at 979 (claim may be considered even if ultimate goal is to overturn final removal order); id. at 978 (“zipper clause” language applies only with respect to review of an order of removal); id. at 979 (that petitioner may have an alternative avenue for relief does not change statutory analysis of district court jurisdiction).
The government has waived any argument that res judicata precludes judicial review of Tapia-Fierro’s claim. Id. at 975. Even if this defense were not waived, Tapia-Fierro’s prior claim was never addressed on the merits, as both the IJ and the Board of Immigration Appeals dismissed his motion to reopen on jurisdictional grounds. See Rein v. Providian Fin. Corp., 270 F.3d 895, 899 (9th Cir.2001) (discussing requirements for res judicata). For this reason, we also decline to apply the doctrine of prudential exhaustion. See Laing v. Ashcroft, 370 F.3d 994, 1001 (9th Cir.2004).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. As only the jurisdictional issue is before us on appeal, we express no opinion on the merits of Tapia-Fierro's underlying claim.