FILED

FEB 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARTIN BETTWIESER, | No. 07-35964 |
| Plaintiff - Appellant, | D.C. No. CV-06-00142-WFN |
| v. | |
| MARTIN LUCAS; LISA BUTTERWORTH; JIM SYKES; UNITED STATES POSTAL SERVICE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
William Fremming Nielson, District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Martin Bettwieser, an employee of the United States Postal Service

("USPS"), appeals from the district court's order dismissing his complaint with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prejudice, for failure to exhaust administrative remedies. The order also denied Bettwieser's motion for default judgment and overruled his objection to the United States Attorneys' Office's representation of the individually named defendants. In his opening brief, Bettwieser raised numerous issues for appeal. We dismiss this appeal for lack of subject matter jurisdiction because Bettwieser failed to exhaust administrative remedies.

Prior to filing his complaint in the district court, Bettwieser sent a request for production of documents pursuant to the Freedom of Information Act and the Privacy Act to Lisa Butterworth, the Manager of Customer Service at the USPS branch where Bettwieser works. Jim Sykes, the Manager of Labor Relations for the Spokane District, sent a letter to Bettwieser that instructed him to direct any appeal of the response to the request for documents to the Chief Counsel of Customer Protection and Privacy of the USPS in Washington, D.C. According to the November 6, 2006 declaration of Anthony Alvaro, Chief Counsel of the USPS, no appeal was ever filed.

"Exhaustion of a parties' [sic] administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1993).

In *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004), the Ninth Circuit

2

held that "exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* at 1000-01; quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal citations and quotation marks omitted).

Bettwieser has not demonstrated that he did not receive a genuine opportunity for adequate relief, that he would suffer irreparable injury without immediate judicial relief, that an administrative appeal would be futile, nor has he raised a substantial constitutional question.

The district court properly dismissed the action for lack of subject matter jurisdiction under Rule 12(b)(1).[1] Since there is no jurisdiction for this Court either until administrative remedies are exhausted, we will not reach any issues Bettwieser has raised in his appeal to this Court.

**DISMISSED.**

---

[1] While the district court's order dismissed the complaint before it with prejudice for failure to exhaust administrative remedies, the district court's order will not preclude Bettwieser from pursuing an attempt to seek an administrative remedy, if it is timely, or seeking timely judicial review of an adverse final decision. *See City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice").